FEDERAL HABEAS CORPUS

# UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

NAME                    PRISONER NO.        COOK COUNTY CASE NO.

BARRY LEE EHLERS      2015 1117186        2010 D 230327

PLACE OF CONFINEMENT

COOK COUNTY JAIL, 2650 S. CALIFORNIA, CHICAGO, IL 60608

PETITIONER                        RESPONDENT

BARRY LEE EHLERS      V.  HON. JEANNE MARIE REYNOLDS

**RECEIVED**              ASSOC. JUDGE OF THE CIRCUIT

MAY 0 9 2016              COURT OF COOK COUNTY AND

**THOMAS G. BRUTON**      THOMAS J. DART, SHERIFF
**CLERK, U.S. DISTRICT COURT**      OF COOK COUNTY

THE ATTORNEY GENERAL OF THE STATE OF ILLINOIS
HON. LISA MADIGAN

# PETITION (EMERGENCY)

FOR WRIT OF HABEAS CORPUS

① NAME AND LOCATION OF COURT WHICH ENTERED

JUDGMENT OF INCARCERATION UNDER ATTACK:

HON. JUDGE JEANNE REYNOLDS

CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

COURTROOM 203

5600 OLD ORCHARD BLVD.

SKOKIE, IL 60077

CASE NO. 2010 D 230327

HC PETITION ①

**1:16-cv-5092**
**Judge Rebecca R. Pallmeyer**
**Magistrate Judge Maria Valdez**
**PC10**

② DATE OF JUDGMENT/ORDER OF INCARCERATION:

NOVEMBER 17, 2015 (ORDER OF INCARCERATION)—CIVIL CONTEMPT.
purge $15,000

July 28, 2015 (ORDER TO PAY APPROX. $47,000 OR $43,600)—ON APPEAL IN CASE # 1-15-2449)

NOVEMBER 20, 2014 (ORDER/Judgment OF DISSOLUTION—ON APPEAL)—# 1-15-0293)

③ LENGTH OF SENTENCE: NO SENTENCE IMPOSED — CIVIL CONTEMPT FOR FAILURE TO PAY APPROX $43,600 — $15,000 PURGE REQUIRED TO OBTAIN FREEDOM, LESS $3,575 PAID. INDEFINITE SENTENCE.

④ NATURE OF OFFENSE INVOLVED: CIVIL CONTEMPT OF COURT FOR FAILURE TO PAY APPROX $43,600 ORDERED BY THE July 28, 2015 ORDER ENFORCING THE NOVEMBER 20, 2014 Judgment OF DISSOLUTION BEING APPEALED BY PETITIONER IN CASE # 1-15-0293-Illinois APPELLATE COURT, FIRST DISTRICT. THE July 28, 2015 ORDER IS BEING APPEALED ALSO — CASE # 1-15-2449 (CONSOLIDATED INTO 1-15-0293)

HABEAS CORPUS PET
HABE

⑤ WHAT WAS YOUR PLEA? N/A

⑥ TRIAL WAS BY JUDGE ONLY

⑦ I TESTIFIED AT TRIAL.

⑧ I APPEALED THE NOVEMBER 20, 2014 JUDGMENT OF DISSOLUTION AND THE July 28, 2015 ORDER. I ~~~~ APPEALED THE NOVEMBER 17, 2015 ORDER OF INCARCERATION BUT DO NOT HAVE ACCESS TO FILES AND INFORMATION AND RESOURCES TO PERFECT THE APPEALS. (see pp 215-326) I HAVE EXHAUSTED STATE REMEDIES INCLUDING FILING A PETITION FOR HABEAS CORPUS IN THE ILLINOIS SUPREME COURT DENIED ON MARCH 29, 2016.

⑨ IF YOU DID APPEAL, ANSWER THE FOLLOWING:

ⓐ NAME OF COURT:

ILLINOIS APPELLATE COURT, FIRST DISTRICT.

ⓑ RESULT:

NOVEMBER 20, 2014 JUDGMENT FOR DISSOLUTION — NO RESULT — FULLY BRIEFED — AWAITING DECISION #1-15-0293 (INCLUDES 1/5/2015 PROPERTY RULING)
July 28, 2015 — ORDER TO PAY #43,600 (APPROX)

NO RESULT — RECORD ON APPEAL WAS DUE ON APPROXIMATELY NOVEMBER 24, 2015 (WHILE INCARCERATED) — MOTION

HABEAS CORPUS PET

60 ~

(b) CONTINUED - RESULTS

FOR ADDITIONAL TIME (TO FILE RECORD
ANDON 1/15/16, FILED 11/24/2015,
CASE # 1-15-2449 AND GRANTED TO
© GROUNDS RAISED (BASED ON RECOLLECTION): 5/18/2016.
NOVEMBER 20, 2014 - ENTIRE CASE
APPEALED. i) FAILURE TO RECOGNIZE BARRY
AS AN ATTORNEY DEPRIVING HIM OF DUE PROCESS
AND THE RIGHT/PRIVELAGE TO PRACTICE
LAW IN ANY COURT UNDER RULE (SUPREME
COURT RULE) 701(b); ii) FAILURE TO
AWARD PROPERTY IN "JUST PROPORTIONS"
AND UNDER THE CORRECT BURDEN OF PROOF
IN VIOLATION OF DUE PROCESS, EQUAL PROTECTION
CLAUSES, SEXUAL DISCRIMINATION, ETC.;
iii) FAILURE TO AWARD MAINTENANCE,
CHILD SUPPORT, MEDICAL EXPENSES AND
CONTRIBUTIONS FOR COLLEGE EXPENSES
CONSIDERING ALL FACTORS AND UNDER THE
STATUTES IN THE MARRIAGE AND DISSOLUTION
ACT RESULTING IN EXCESSIVE AMOUNTS
OF PAYMENTS BY BARRY; iv) FAILING
TO HOLD A HEARING ON ATTORNEY FEES BEFORE
ORDERING BARRY TO PAY $50,000
OF BARRY'S EX-WIFES ATTORNEY FEES. SEE
NOTICE OF APPEAL FILED IN CASE # 2010 D
230327 - FILED ON OR ABOUT JANUARY
26, 2015, FOR ADDITIONAL GROUNDS
RAISED AS WELL AS THE BRIEFS.

HABEAS                                    61

(C) CONTINUED. — GROUNDS RAISED

<u>July 28, 2015 ORDER</u> — ENTIRE ORDER
APPEALED. i) COURT ERRED IN ORDERING
BARRY TO PAY UNCOVERED MEDICAL
OF EMANCIPATED CHILDREN WHEN NO
SUCH ORDER WAS INCLUDED IN THE
NOVEMBER 20, 2014 JUDGMENT; ii) THE
EVIDENCE PRESENTED AT THE HEARINGS DID
NOT SUPPORT THE FINDINGS OF THE
COURT OF AMOUNTS DUE; iii) THE COURT FAILED
TO CONSIDER BARRY'S ABILITY TO PAY THE
AMOUNTS BASED ON BARRY'S LACK OF INCOME
AND LACK OF ASSETS THAT COULD BE
USED TO PAY ANY AWARDS; iv) THE COURT FAILED
TO REDUCE AMOUNTS OWED FOR CHILD
SUPPORT BY PROPER DEDUCTIONS FROM
INCOME TO ARRIVE AT "NET INCOME"
UNDER THE STATUTE AND IN THE JUDGMENT;
v) THE COURT ERRED BY INCLUDING LOANS
UNDER A HOME EQUITY LINE USED TO PAY
THE FIRST MORTGAGE ON ONE OF THE COUPLES
THREE (REMAINING) RESIDENTIAL PROPERTIES IN BARRYS
INCOME (WITHOUT REDUCTION FOR THE FLOW
THROUGH NATURE OF THE LOANS) AND IN
DETERMINING BARRY'S ABILITY TO PAY SUPPORT)
vi) THE COURT ERRED IN INCLUDING TAX REFUNDS
PRIOR TO AND AFTER THE JUDGMENT (11/20/2014)

62 a

(C) CONTINUED GROUNDS RAISED

AND BEFORE AND AFTER THE PETITION FOR RULE TO SHOW CAUSE (FILED ON OR ABOUT DECEMBER 29, 2014) AS INCOME WHEN THE JUDGMENT STATES THAT TAMMY (EX-WIFE) HAS NO RIGHT TO BARRY'S TAX REFUNDS, BARRY IS TO PAY 20% OF THE TAX REFUNDS AS CHILD SUPPORT (WHICH HE DID — $10,996 PAID ON OR ABOUT 1/2/2015 AND $7,051 PAID ON OR ABOUT 6/1/2015) AND BARRY USED THE REMAINDER OF THE REFUNDS TO PAY ATTORNEY FEES, COURT REPORTER FEES BACK EXPENSES PAID BY OTHERS RELATED TO LIVING EXPENSES AND BUSINESS EXPENSES (SEE MEMORANDUM IN SUPPORT FILED ON OR ABOUT 6/17/2015 — DETAILING EXPENSES PAID BY BARRY) AND OTHERS;

VII) THE COURT ERRED IN NOT MODIFYING THE 60% OF INCOME UNALLOCATED SUPPORT ON OR ABOUT JUNE/JULY OF 2013 WHEN ONE OF THE CHILDREN TURNED 18 AND HAD GRADUATED HIGH SCHOOL BY 8% UNDER GUIDELINE SUPPORT STATING THAT THE CHILD WAS GOING TO COLLEGE AND FAILING TO GIVE BARRY CREDIT FOR THE EXTRA 8% SUPPORT IN ~~ORDERING~~ THAT BARRY PAY A SECOND TIME FOR COLLEGE EXPENSES FOR THE PRIOR 2 YEARS;

HABEAS CORPUS PET

© CONTINUED - GROUNDS RAISED
(Vii) THE COURT GRANTED BARRY CREDITS
FROM FUNDS MISAPPROPRIATED BY
TAMMY EHLERS FROM RENTAL INCOME
FOR BARRY'S PRIOR RESIDENCE (KIAWAH)
WHERE TAMMY FAILED TO OBTAIN A
COURT ORDER OR APPROVAL OF BARRY
REQUIRED UNDER THE 6/18/2013 ORDER
AND WHERE TAMMY HAS NOT PAID
ALL EXPENSES OF THE RENTAL PROPERTY
AND HAS FAILED TO PAY THE
MORTGAGE, REAL ESTATE TAXES,
ASSESSMENTS AND FAILED TO properly
MAINTAIN THE PROPERTY (SEE BARRY's
PETITION FOR TEMPORARY RESTRAINING
ORDER / preliminary INJUNCTION FILED (NOT
ATTACHED) IN EARLY 2015 AND DENIAL OF TRO
ON APPEAL CASE # 1-15-1336 —
HEARING ON PRELIMINARY INJUNCTION
IN TRIAL COURT STILL PENDING).
BARRY WANTS NO PART OF THE
MISAPPROPRIATED FUND DENIED TO
THE CREDITORS OF THE RENTAL PROPERTY.
                                       SEE GROUNDS,
Viii) BARRY DOES NOT HAVE ACCESS TO
HIS FILES TO PROVIDE ADDITIONAL ISSUES.
A DENIAL OF DUE PROCESS IN AND OF ITSELF.

4

HABEAS CORPUS PET     64

(c) CONTINUED (GROUNDS RAISED)

OCTOBER 26, 2015 - ORDERS — NOTICE OF APPEAL FILED IN CIRCUIT COURT ON NOVEMBER 16, 2015 — DUE TO INCARCERATION ON 11/17/2015 NOTICE OF APPEAL (FILED) ~~HAS NOT YET OCCURRED~~. i) COURT (Judge Murphy) ERRED IN DENYING SUBSTITUTION OF JUDGE FOR CAUSE AND ENTERING AN ORDER TRANSFERRING THE CASE BACK TO ⌐ON THE SAME DATE Judge Dickler WITHOUT AN OPPORTUNITY TO 10/26/2015 FILE A MOTION TO RECONSIDER, A MEMORANDUM IN SUPPORT NOR THE OPPORTUNITY TO APPEAL THE DECISION. ii) JUDGE DICKLER ERRED IN ENTERING AN ORDER TRANSFERRING THE CASE BACK TO JUDGE REYNOLDS UPON AN APPEALABLE ORDER ON THE SAME DATE. (PP ~~225 - 326, 259 264~~, 291 - 324).

(d) FURTHER REVIEW OF DECISION ON APPEAL BY A HIGHER STATE COURT: YES

① NAME OF COURT: ILLINOIS SUPREME COURT # 119269

② RESULT: SUPERVISORY ORDER ISSUED IN CASE # 1-15-0293 MANDATING THE APPELLATE COURT HEAR THE CASE ON ITS MERITS BUT DISMISSING THE APPEAL OF THE "AGREED ORDER" RELATED TO ~~THE CHILD CUSTODY~~ (119269). PETITION FOR WRIT, OF HABEAS CORPUS DENIED MARCH 29, 2016. (Exhibit PP. 403 - 403B).

③ DATE OF RESULT: Per Recollection, June or July 2015 (#119269). MARCH 8, 2016 (DELAYED # 120493). (PP 403 - 403B)

④ GROUNDS RAISED: i) DISMISSAL OF ENTIRE CASE ON A MOTION TO DISMISS ONE ISSUE ii) WHETHER AN order HABEAS CORPUS PET.

5                                                         65

(d) Further Review (cont.)

entered the day after the status, not signed by Barry, not "Agreed to" by Barry, drafted by opposing counsel and not captioned as an Agreed order (and in fact not agreed to by Barry was an appealable order, iii) whether the trial judge could deny Barry, an Illinois licensed Attorney since 1986, could prevent Barry, deny the privilege by rule or practice from practicing law in Judge Reynolds court both before and after Barry filed an Appearance in the case as an Attorney of Record in contradiction to Supreme court Rule 701(b).

(IV) Other than a direct appeal of the judgments and orders above mentioned and petition for "writ of Habeas Corpus in the Illinois supreme court, (#120493), Barry has ~~~~ previously filed ~~~ petitions, and motions with respect to the Judgment/ orders in the trial court case # 2010 D 230327.

(a) Nature of Proceeding: 1) Motion to Modify maintenance, support, etc. (Reduction) filed on or about August 13, 2014, January 2, 2015 and January 26, 2015 Due to loss of $175,000 year job on July 1, 2014. No evidentiary hearing has been yet held on these motions. ii) Petition for Rule to show cause — Kiawah rental income filed on October 29, 2013,

Habeas corpus pet

6                                                         66

(10) CONTINUED

NOVEMBER/DECEMBER 2013, AUGUST 13 or 15, 2014, JANUARY 2, 2015, JANUARY 26, 2015 DUE TO MISAPPROPRIATION OF FUNDS NOW IN EXCESS OF $100,000 FROM THE GROSS RENTAL INCOME AND OTHER ISSUES BY TAMMY. NO EVIDENTIARY HEARING HAS BEEN HELD ON THESE PETITIONS.

iii) PETITION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION FILED IN February or MARCH OF 2015 TO PREVENT TAMMY FROM FURTHER MISAPPROPRIATION OF FUNDS, FORGERY OF BARRY'S SIGNATURE ON APPROXIMATELY $3,200 OF MORTGAGE REFUND CHECKS AND USING FUNDS TO PAY TAMMY'S ATTORNEY FEES AND OTHER PERSONAL EXPENSES CONTRARY TO THE JUNE 18, 2013 ORDER REQUIRING A COURT ORDER OR BARRY'S APPROVAL FOR EXPENDITURES FROM THE ACCOUNT AND THE 11/20/2014 JUDGMENT REQUIRING ALL EXPENDITURES OF THE RENTAL BE PAID BEFORE ANY DISTRIBUTIONS AND TO FORCE TAMMY TO PAY THE MORTGAGE INSTEAD OF THE HOUSE NOW FALLING INTO FORECLOSURE PROCEEDINGS. THE TRO WAS DENIED INSTANTER, APPEALED IN CASE #1-15-1336 AND AFFIRMED. NO EVIDENTIARY HEARING HAS BEEN HELD ON THE TRO OR THE PRELIMINARY INJUNCTION TO DATE.

7

HABEAS CORPUS PET

67

(10) CONTINUED

IV) EMERGENCY PETITION FOR WRIT OF HABEAS
CORPUS. I FILED AN EMERGENCY WRIT OF
HABEAS CORPUS WITH THE COOK COUNTY
CLERK ON December 29, 2015, THE PETITION
WAS MISFILED IN THE DIVORCE CASE
2010 D 230327, AND DESPITE DUE Diligence
AND BEST EFFORTS FROM JAIL, COULD NOT
GET THE PETITION HEARD IN THE COOK COUNTY
CIRCUIT COURT. JUDGE REYNOLD'S WAS AWARE
OF THE MIS FILING AS WELL AS THE PRESIDING
JUDGE OF THE CRIMINAL DIVISION (SENT
3 letters) WHOM ALSO FAILED TO HEAR
THE PETITION OR SET IT ON HIS CALL.
AS A RESULT, BARRY THEN FILED THE
PETITION (WITH Revisions) IN THE
SUPREME COURT OF Illinois, WHICH
PETITION WAS Denied ON MARCH 29,
2016 (CASE # 120493). (PP 403, 403A + 403B).

(67A)

(10) CONTINUED

(IV) PETITION FOR RULE TO SHOW CAUSE-
ACCOUNTING AND BANK INFORMATION -
KIAWAH FILED IN APPROXIMATELY, FEBRUARY
2015 TO OBTAIN BANK ACCOUNT INFORMATION
FOR THE KIAWAH RENTAL PROPERTY. NO
EVIDENTIARY HEARING HAS BEEN HELD
ON THIS PETITION AND BARRY HAS NOT
RECEIVED BANK ACCOUNT INFORMATION SINCE
Feb 2015.

(11) THE GROUNDS FOR RELIEF
INCLUDE THE FOLLOWING AND
THE BASIS OF MY ALLEGATIONS
THAT I AM BEING HELD IN CUSTODY
UNLAWFULLY:

GROUND (1)

SEE ATTACHED "GROUND"
SHEETS FOR GROUNDS FOR RELIEF
(PP. 73 TO 168).

HABEAS CORPUS NOV

(12) I HAVE APPEALED THE 11/20/2014 Judgment For Dissolution, 1/5/2015 Property Ruling, THE 7/28/2015 order, THE 10/26/2015 ORDERS AND Plan To APPEAL THE 11/10/2015 ORDER(s), 11/17/2015 order(s) ~~AND~~ THE 11/24/2015 order, & THE 12/7/2015 ORDERS of incarceration or continuing the incarceration.

(13) AT ALL STAGES, I REPRESENTED MY SELF AS AN ATTORNEY AT LAW LICENSED IN THE STATE OF ILLINOIS SINCE 1986 AS ATTORNEY # 6194202. I ALSO HIRED CO-COUNSEL TO REPRESENT AND Help WITH THE TRIAL STARTING ON THE 3rd DAY OF TRIAL, MAY 2, 2013 TO JANUARY 5, 2015 WHEN THE COURT FINALLY GRANTED THE 11/18/2013 MOTION TO WITHDRAW BY MY CO-COUNSEL AS I NO Longer needed HIS Help AS THE TRIAL WAS over. THE TRIAL Judge Denied AND ABridged MY privelage TO pRACTICE LAW IN ANY COURT UNDER Supreme court RULE 701(b) AND THUS, I AWAIT THE Appellate court's Decision on whether I AM AN ATTORNEY OR NOT IN Judge Reynolds court.      HABEAS corpus Pot      69 (13)

WHEREFORE, PETITIONER PRAYS THAT THE COURT GRANT PETITIONER RELIEF TO WHICH HE MAY be ENTITLED IN THIS PROCEEDING, INCLUDING BUT NOT LIMITED TO:

(A) IMMEDIATE RELEASE FROM CUSTODY PENDING THIS HEARING, AND THE DETERMINATION OF THE APPEALS IN THIS CASE.

(B) DAMAGES FOR FALSE IMPRISONMENT AND ANY OTHER COMPENSATORY OR OTHER DAMAGES PETITIONER MAY be ENTITLED TO UNDER LAW AND AFTER A SEPARATE HEARING ON DAMAGES, INCLUDING BUT NOT LIMITED TO: $1000 FROM JUDGE REYNOLDS, PRESIDING JUDGE - CRIMINAL DIVISION (COOK COUNTY) JUSTICES OF THE SUPREME COURT, APPELLATE COURT JUDGES FOR DELAY OF RELIEF UNDER 735 ILCS 5/10-106.

(C) OTHER RELIEF AS SOUGHT IN THE ATTACHED ORDERS OR SUCH RELIEF AS IS JUST.

Respectfully submitted

Barry Z Ehler

PETITIONER
ATTORNEY AT LAW

70

HABEAS CORPUS PET

12

<u>INCARCERATION ADDRESS</u>:
BARRY EHLERS
ID # 2015 11 17 186
DIVISION: 3 - ANNEX WING C-1
P.O. BOX 089002
CHICAGO, IL 60608
NO EMAIL / NO PHONE

OFFICE ADDRESS:
BARRY EHLERS,
PETITIONER AND ATTORNEY AT LAW
1709 FERNDALE AVE
NORTHBROOK, IL 60062
ARDC # 6194208
NETCPA@GMAIL.COM
312-209-6000

HABEAS CORPUS PET                    71

## VERIFICATION

Under penalties of perjury as provided by law pursuant to section 1-109 of the code of civil procedure, the undersigned certifies the statements set forth in this document are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he believes, verily, the same to be true,

Barry Ehlass
PETITIONER
ATTORNEY AT LAW

HABEAS CORPUS PET
72

# GROUND 1

INABILITY TO PAY. 735 ILCS 5/10-137
Illinois Constitution Section 14 & US Constitution

① IN FORMA PAUPERIS APPLICATION
AND FINANCIAL AFFIDAVIT SHOW (PP 22-25)
AN INABILITY TO PAY. BARRY
HAS ATTACHED THIS AFFIDAVIT (PP 173-177)
SHOWING NO ASSETS THAT CAN
BE USED TO PAY AND NO INCOME, (PP 26-31)
RECENTLY, OTHER THAN THE $2,575
ALREADY PAID TO TAMMY REPRESENTING
100% OF BARRY'S 2015 INCOME
FROM HIS LAW PRACTICE. (P 299).

② JUDGE REYNOLD'S JUDGMENT OF 11/20/14
AND 1/5/15 PROVIDED NO ASSETS THAT COULD
BE USED TO PAY THE PURGE OR THE
$43,600 (APPROX) IN THE 7/28/2015
ORDER. THE 7/28/2015 ORDER FAILS
TO STATE ANY FINDINGS WITH
EVIDENCE TO SUPPORT ITS ORDER
THAT BARRY HAD ASSETS OR SUFFICIENT
INCOME TO PAY $43,600 (APPROX)
OR THE 11/17/2015 PURGE OF $15,000
OR THE REVISED PURGE AMOUNT OF
$11,500. (AN INCORRECT SUM WITH BARRY'S

9

73

GROUND 2-1

# GROUND 1 (CONT.)

PAYMENT OF $2,575 - AND
JOHN EHLERS PAYMENT OF $1,000
ON 11/17/2014 - A COPY OF THE
BANK CHECKS WAS AN EXHIBIT
TO BARRY'S PETITION/MOTION FOR LEAVE
TO FILE MOTION FOR STAY AND
TRANSFER BACK TO JUDGE MURPHY
FILED ON 11/17/2015. (P. 299)

③ 13.3 FINANCIAL DISCLOSURE
BARRY FILED A MOTION FOR LEAVE
TO SERVE HIS FINANCIAL DISCLOSURE
STATEMENT /AFFIDAVIT WITH
THE AFFIDAVIT ATTACHED ON
OR ABOUT AUGUST 27, 2015,
WHICH AFFIDAVIT AND MOTION
THE COURT IGNORED AND WHICH
SHOWED AN INABILITY TO PAY.
(PP. 265-281)

④ THE COURT, IN ITS JUDGMENT ON
11/20/2014, IMPUTED INCOME OF
$75,000 TO BARRY FROM AN ALLEGED
FRAUDULENT CONVEYANCE OF BARRY'S
OLD LAW PRACTICE / TAX RETURNS

40

74

# GROUND 1 (CONT.)

WHICH TAX RETURNS GENERATED
$10,000 TO BARRY IN 2010 (WHILE
HE WAS A PARTNER AT TRUE
PARTNERS LLC AND UNDER AN AGREEMENT
PROHIBITING SIDE BUSINESSES
WHICH TAMMY CONSENTED TO)
AND THUS IN 2011, BARRY
TRANSITIONED THESE CLIENTS
TO LORETTA GRANATH, A FELLOW
CHURCH MEMBER. ALTHOUGH BARRY
HAD A SEXUAL RELATIONSHIP WITH
MS. GRANATH AT TIMES, BARRY
HAD IN EXCESS OF 10 SEXUAL
RELATIONSHIPS DURING AND
SINCE THAT TIME (WHICH BARRY
TESTIFIED TO AND THE COURT SELECTIVELY
FAILS TO MENTION IN ITS JUDGMENT
~ INCLUDING A WOMEN WHO TOOK BARRY
ALL EXPENSES PAID TO THE 2011
SUPERBOWL SKY-BOX IN DALLAS).
MS. GRANATH IS AWARE OF BARRY'S
RELATIONSHIPS AND SHE HERSELF
IS CELEBIT. MS. GRANATH IS AN EXCELLENT
BUSINESS WOMEN AND LIKE ~~~~~
H&R BLOCK, DOES NOT NEED A

½ pt 41

1                    GROUND 1-3                    75

# GROUND 1 -(CONT.)

PROFESSIONAL DEGREE TO RUN THIS BUSINESS AND coordinate preparation of TAX RETURNS,

UNFORTUNATELY, PHANTOM INCOME IS NOT CASH AND CAN NOT BE USED TO PAY. IN FACT, MS. GRANATH HAS NOT HAD NET INCOME FROM THE BUSINESS IN EXCESS OF $10,000 TO $20,000 PER YEAR.

THE COURT ALSO FAILS TO RECOGNIZE THE PROFESSIONAL CANNONS AND INDUSTRY STANDARD THAT MANDATES NOT DROPPING CLIENT AFFAIRS AND MAKING SURE THAT NO HARM COMES TO A CLIENT FROM A CHANGE OF LAWYER OR ACCOUNTANT, BARRY VIEWS THESE STANDARDS AS MINIMUM STANDARDS AND WENT OUT OF HIS WAY TO INSURE THAT THESE CLIENTS WERE BEING properly SERVED BY MS. GRANATH AND THE TAX PREPARER. (SEE ARTICLE VIII, ILLINOIS RULES OF PROFESSIONAL CONDUCT OF 2010, INCLUDING RULE 1.1, 1.2, 1.9, 1.16, 1.17, 1.18, 4.1, 5.4, 7.1 AND THE PREAMBLE THERETO.)

GROUND 1-4

# GROUNDS - 1

Finally, BARRY RAN FROM THESE CLIENTS TO HIS $250,000 BASE WITH FIRST YEAR GUARANTEED BONUS OF $50,000 AT TRUE PARTNERS STARTING ON 1/4/2010. WHAT REASONABLE PERSON WOULD NOT TAKE A $300,000 over CLIENTS AND A business THAT GENERATED over A $100,000 LOSS FOR BARRY IN 2009 AND 2010 AND ONLY HAD GROSS REVENUES OF APPROX $50,000 IN 2009 AND $10,000 IN 2010. MOREOVER, BARRY TOOK HIS "BOOK OF BUSINESS" WITH HIM TO TRUE PARTNERS ~ THE REMAINDER CLIENTS WERE NOT WANTED AND THUS HAD TO BE TRANSITIONED. THE TRIAL JUDGE FOUND FRAUD WITH THIS DESPITE STATUTES THAT ALLOW BARRY TO TRANSFER THE CLIENTS, PROPERTY, IF IN FACT HE DID, DENYING EQUAL PROTECTION OF THE LAW.

BARRY HAS SPENT 30 TO 70 HOURS A WEEK TO RIGHT THE JUDGMENT AND ORDERS IN THIS CASE BY HIMSELF AS HE HAS NO FUNDS TO HIRE AN ATTORNEY.

43

GROUNDS 1-5

77

# GROUND 1

## INABILITY TO PAY

UNDER HICKS, BARRY IS UNABLE TO COMPLY WITH THE CIVIL CONTEMPT ORDER AS IS REQUIRED BY HICK s v. FEIOCK, 485 U.S. 624, 638 n.9 (1988) [Id., at 633 (he "carries]

IN ARGUENDO, IF BARRY HAD PHANTOM INCOME, A~~ctually~~, PHANTOM INCOME OF $75,000 PER YEAR SHOULD NOT BE INCLUDED IN AN ABILITY TO PAY AS THERE IS NO FUNDS OR CASH WITH WHICH TO PAY.

# GROUND 2

## DUE PROCESS

U.S. CONSTITUTION; 5TH AMENDMENT, 14TH AMENDMENT

ILLINOIS CONSTITUTION, SECT 2

① THE TRIAL COURT DENIED AND ABRIDGED BARRY'S PRIVILEGE TO PRACTICE LAW IN THE CASE UNDER ILLINOIS SUPREME COURT RULE 701(b) ~~WITHOUT~~ WITHOUT DUE PROCESS (SEE PETITION FOR LEAVE TO APPEAL CASE # 1-15-0293).
  Ⓐ FAILING TO RECOGNIZE BARRY AS AN ATTORNEY
  Ⓑ FAILING TO ALLOW BARRY TO CROSS-EXAMINE WITNESSES SEE 12/19/2014 TRANSCRIPT AND 7/2/2013 CROSS OF TAMMY.
  Ⓒ FAILING TO RECOGNIZE BARRY'S SIGNATURE AS AN ATTORNEY ON COURT FILINGS AND REQUIRING BARRY'S CO-COUNSEL TO SIGN ~~INSTEAD~~ FILINGS OR IGNORING THE FILINGS WHERE BARRY ONLY SIGNED THE FILINGS.

② DENIED BARRY'S ATTORNEY IN DIRECT EXAMINATION FROM PRESENTING BARRY'S CASE BY LIMITING BARRY'S TESTIMONY RELATED TO BACKGROUND ALREADY ASKED BY TAMMY'S ATTORNEY BUT ASKED AS AN ADVERSE WITNESS WITHOUT EXPLANATION, IN TAMMY'S CASE IN CHIEF.

③ THE TRIAL COURT IS ENFORCING THE 11/20/2014 JUDGMENT AND 7/28/2015 ORDER, BOTH OF WHICH ARE NOT FINAL AND ARE ON APPEAL IN CASE NO 1-15-0293 AND 1-15-2449, RESPECTIVELY. (NOW CONSOLIDATED INTO 1-15-0293 PP 400-400B).

④ BY INCARCERATING BARRY, THE

44

79

DUE PROCESS - GROUND 2

# GROUND 2

## DUE PROCESS (CONT)

TRIAL COURT JUDGE IS EFFECTIVELY
VIOLATING BARRY's DUE PROCESS RIGHT
TO APPEAL THE COURT'S DECISIONS
AND SPECIFICALLY:

A) CASE NO 1-15-0243 IS Fully
BRIEFED AND ORAL ARGUMENT REQUESTED.
BARRY WILL HAVE TO TAKE A WEEK TO
FILE A MOTION (AND PREPARE IT BY HAND IN
JAIL WITH LITTLE OR NO REAL LEGAL RESOURCES)
TO WITHDRAW THE REQUEST FOR ORAL
ARGUMENT OR REQUEST RELEASE TO
ORALLY ARGUE THE APPEAL.

B) CASE NO 1-15-2449 APPEALING
THE ORDER TO PAY APPROX $43,600 ON
7/28/2015 ENFORCING THE 11/20/2014
JUDGMENT (ALLEGEDLY). INCARCERATION
HAS REQUIRED THAT BARRY MOVE
A SECOND THIRD TIME TO EXTEND THE
FILING OF THE RECORD WHICH WAS
DUE ON OR ABOUT 11/25/2015.
BARRY IS NOT ACTIVELY ABLE TO
PURSUE THIS APPEAL TO VOID
THE ORDER AND OBTAIN RELEASE.

C) APPEAL OF THE 10/26/2015
ORDERS DENYING BARRY'S PETITION
FOR SUBSTITUTION OF JUDGE FOR

80

DUE PROCESS  GROUND 2

# GROUND 2

## DUE PROCESS (CONT.)

CAUSE BY JUDGE MURPHY, THE
ORDER BY JUDGE MURPHY TRANSFERRING
THE CASE TO JUDGE DICKLER,
PRESIDING JUDGE AND JUDGE DICKLER's
ORDER TRANSFERRING THE CASE BACK
TO JUDGE REYNOLD's - ALL ON THE
SAME DATE, OCTOBER 26, 2015,
DENYING BARRY THE RIGHT TO
FILE A MOTION FOR RECONSIDERATION
IN JUDGE MURPHY's COURT.
BARRY ARGUED ON 11/10/2015 THAT
ANY PROCEEDING IN JUDGE REYNOLD's
COURT WAS PREMATURE WITH A
COURT REPORTER PRESENT TO NO
AVAIL. BARRY ALSO FILED ON 11/17/2015,
PRIOR TO HIS INCARCERATION, A
MOTION FOR LEAVE TO FILE A
MOTION TO TRANSFER THE CASE
BACK TO JUDGE MURPHY FOR
RECONSIDERATION OR STAY (PP 282-299 AND PP 300-324)
DURING APPEAL, WHICH WAS
NOT GRANTED. WITHIN 22 DAYS
OF THE DENIAL OF THE PETITION
FOR SOJ, JUDGE REYNOLDS HAD
BARRY INCARCERATED, VIOLATING
HIS DUE PROCESS RIGHT TO APPEAL
(AND IN RETALIATION FOR THE ATTEMPTED SOJ)

46
DUE PROCESS    GROUND 2    81

# GROUND 2

## DUE PROCESS (CONT)

AND MOVE FOR RECONSIDERATION
AND STAY PENDING APPEAL. BARRY
FILED A NOTICE OF APPEAL IN THE
TRIAL COURT ON 11/16/2015 BUT
WAS UNABLE TO FILE THE NOTICE
OF APPEAL IN THE APPELLATE COURT
DUE TO INCARCERATION, WHICH
WAS DUE ON OR ABOUT 11/23/2015.
A COPY OF THE NOTICE OF APPEAL WAS
PROVIDED TO JUDGE REYNOLDS ON
11/17/2015 IN COURT, ON THE RECORD,
AS WELL AS THE PETITION FOR LEAVE TO
TRANSFER FOR RECONSIDERATION AND
STAY. JUDGE REYNOLD'S DID NOT HAVE JURISDICTION.

   d) APPEAL OF JUNE 17, 2015
ORDER (DATE TO BEST OF RECOLLECTION)
BARRING BARRY FROM ANY FURTHER
FILINGS IN THE COURT WITHOUT
LEAVE OF COURT VIOLATING BARRY'S
RIGHT TO DUE PROCESS ESPECIALLY
WHEN THERE WERE MORE THAN 10
PENDING FILINGS IN THE CASE
REQUIRING DISCOVERY AND OTHER
FILINGS AS WELL AS OTHER MOTIONS
BARRY HAD A RIGHT TO BE. BARRY
APPEALED THIS ORDER IN CASE #

47

82

# GROUND 2

## DUE PROCESS (CONT)

1-15-1942 (Fully BRIEFED AWAITING DECISION). NOW ALL APPEALS CONSOLIDATED INTO 1-15-0293. e) BARRY ~~attempts to~~ APPEALED ~~the original~~ His 11/17/2015 INCARCERATION AND THE 11/16/2015 IMPROPER PROCEDURES OF (TRANSCRIPT PP 300-324) HEARING ~~The~~ ~~Re~~J TAMMY'S MOTION FOR STATUS ON THE PURGE AND THE PROCEDURES THEREON, (NOW CASE NO. 1-16-0027). (CONSOLIDATED INTO 1-15-0293).

(5) THE COURT VIOLATED BARRY'S DUE PROCESS RIGHTS BY FAILING TO HOLD EVIDENTIARY HEARINGS ON MOTIONS & PETITIONS FILED BY BARRY, INCLUDING BUT NOT LIMITED TO:

   a) 3/6/2013 PETITION FOR ORDER OF PROTECTION (CONTINUANCES DISFAVORED)

   b) MOTION FOR ACCESS TO property FILED IN 2010

   c) PETITIONS FOR RULE TO SHOW CAUSE Related TO KIAWAH BANK ACCOUNTS (5 PETITIONS)

   d) ALL MOTIONS FOR MODIFICATION OF SUPPORT

   e) MOTION FOR RETURN OF FUNDS IN APPROX FEB 2015 PAID FROM THE KIAWAH ACCOUNT TO TAMMY'S Attorney - $2500.

DUE PROCESS GROUND 2    83 (E)

48

# GROUND 2

## DUE PROCESS (CONT)

f) ~~THE FOUR~~ AWARDING ATTORNEY FEES WITHOUT HEARINGS

g) PETITION FOR TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION FILED IN APPROX FEBRUARY 2015

h) FAILING TO SET A HEARING ON BARRY'S PERSONAL PROPERTY LEFT AT KIAWAH ON JUNE 18, 2013 AND PROPERTY OF PWC BARRY'S EMPLOYER AND THAT OF FRIENDS AND FAMILY STILL IN KIAWAH.

6 THE COURT HELD NUMEROUS HEARINGS AND MOTIONS WITH OUT NOTICE TO BARRY OR AN ABILITY FOR BARRY TO PROPERLY PREPARE AND RESPOND.

7 THE 7/28/2015 ORDER TO PAY $43,600 (APPROX). FAILS TO STATE FINDINGS AND ASSETS TO PAY SUCH AN AWARD AND THERE IS NO EVIDENCE THAT SAME EXIST AFTER 5 + YEARS OF PROCEEDINGS.

49

# GROUND 2
## DUE PROCESS (CONT)

d) BARRY'S ABILITY TO PURSUE HIS CASE AND APPEALS THEREOF ARE SEVERELY AND UNCONSTITUTIONALLY VIOLATED BECAUSE THE LAW LIBRARY, AND RESOURCES AVAILABLE TO ZEALOUSLY LITIGATE BARRY'S CASES ARE NO WHERE NEAR CLOSE TO BEING SUFFICIENT, WITH ONE HOUR AND 15 MINUTES PER WEEK ACCESS TO THE LAW LIBRARY AND LIMITS OF 3 REQUESTS PER VISIT (ONE CASE, ONE STATUTE OR ONE COPY). DOWD V. UNITED STATES (1951) 340 US 205, 210, 95 L ED 215, 71 S. CT. 262, 19 ALR 2d 784; PEOPLE V BOUNDS (ACCESS TO LAW LIBRARY).

GROUND 2

O    THE TRIAL JUDGE FAILED TO
APPOINT AN ATTORNEY (FROM A LIST
OF VOLUNTEER ATTORNEY PROVIDED BY
THE OFFICE OF THE PRESIDING JUDGE
UNDER CIRCUIT COURT OF COOK COUNTY
LOCAL RULE 13.8(b) IN VIOLATION OF
DUE PROCESS RIGHTS, IN THE CONTEMPT
PROCEEDINGS.

O    THE TRIAL JUDGE VIOLATED BARRY'S
DUE PROCESS RIGHTS BY FAILING TO
HEAR AND RULE ON BARRY'S PLEADINGS
THROUGHOUT THESE PROCEEDINGS AND
SPECIFICALLY RELEVANT TO THESE PROCEEDINGS,
THE PETITIONS FOR RULE TO SHOW CAUSE-
KIAWAH BANK ACCOUNTS FILED ON OR ABOUT,
10/29/2013, 12/15/2013, 8/15/2014,
12/31/2014 AND 1/26/2015 AND BARRY'S
MOTIONS TO MODIFY SUPPORT THROUGHOUT
THE CASE, INCLUDING 8/15/2014,
12/31/2014 AND 1/26/2015 - ALL OF
WHICH HAVE NOT BEEN HEARD AT THIS
POINT IN TIME, MEANWHILE TAMMY'S
PETITION FOR RULE TO SHOW CAUSE WAS
MOVED AND HEARD FIRST IN LINE.

86

GROUND 2

DUE PROCESS — VIOLATION OF
TURNER V. ROGERS, 564 U.S. ___ (2011)

IN ORDER TO AVOID A DUE PROCESS
VIOLATION ~~RIGHT~~ UNDER THE 14TH AMENDMENT
OF THE U.S. CONSTITUTION, "THE STATE
MUST.... ASSURE A FUNDAMENTALLY FAIR
DETERMINATION OF THE CRITICAL
INCARCERATION-RELATED QUESTION,
WHETHER THE SUPPORTING PARENT IS
ABLE TO COMPLY WITH THE SUPPORT
ORDER. TURNER.

UNDER MOSELEY V. MOSIER, 279
S.C. 348, 351, 306 S.E. 2d 624, 626 /1983)
"WHEN THE PARENT IS UNABLE TO MAKE THE
REQUIRED PAYMENTS, HE IS NOT IN
CONTEMPT."

AS IN TURNER, "THE COURT MADE
NO EXPRESS FINDING CONCERNING TURNER'S
[BARRY'S] ABILITY TO PAY HIS ARREARAGE,"
WHEN IT INCARCERATED HIM ON NOVEMBER
17, 2015 AND IF IT DID, DID NOT PROVIDE
BARRY WITH A COPY OF THE FINDING, AND
ON INFORMATION AND BELIEF, THE COURT (MUST CONTINUE ~~S~~
TO MAKE FINDINGS OF AN ABILITY TO PAY EACH TIME
PETITIONER IS BROUGHT FROM JAIL BEFORE HER FOR STATUS.

87

GROUND 2

GROUND 2

DUE PROCESS / EQUAL PROTECTION / LIBERTY
UNDER HICKS V. FEIOCK,
485 U.S. 624, 638, n.9 (1988); "A
COURT MAY NOT IMPOSE PUNISHMENT
"IN A CIVIL CONTEMPT PROCEEDING
WHEN IT IS CLEARLY ESTABLISHED THAT
THE ALLEGED CONTEMNOR IS UNABLE
TO COMPLY WITH THE TERMS OF THE
ORDER," TURNER V. ROGERS, P8.

O    UNDER TURNER, THE COURT VIOLATED
BARRY'S DUE PROCESS RIGHTS BY
FAILING TO APPOINT AN ATTORNEY
SINCE TAMMY WAS REPRESENTED
BY AN ATTORNEY.

O    IN THIS CASE, THE TRIAL COURT
TOOK ALL "THE KEYS" OUT OF BARRY'S
POCKETS AND YET EXPECTED HIM TO
STILL HAVE A KEY SOMEWHERE (HIS
FAMILY AND FRIENDS) TO GET HIM OUT
OF JAIL. SEE HICKS AT 633 (HE
CARRIES] THE KEYS OF [HIS] PRISON IN
[HIS] OWN POCKETS" (INTERNAL QUOTATION
MARKS OMITTED)). THE COURT TOOK AWAY
BARRY'S CHILDREN, 4 RESIDENTIAL HOMES,
3 CARS, 14 BEDS, OVER 100 PLACE SETTINGS

GROUND  2

OF Silver AND Silverware, 20+ YEARS
OF Accumulated Personal Property,
BARRY's Replacement property (in
KIAWAH Home), work Equipment - PWC's,
property Held As AN Executor OF
ESTATES, property ON Loan From
Family, Friends AND Church members,
LEAVING BARRY with ONLY THE cloths
He took when He Left THE MARITAL
property, $2 million of Debt AND
½ of MY $100,000 (approx) Retirement Accounts
AT 2 Former employers (PWC + KPMG).
THE COURT STRIPPED BARRY OF EVERYTHING -
All MY Keys ARE Gone.

THE COURT EXPECTED BARRY TO
BORROW FUNDS FROM Family, Friends
AND OTHERS (AS HE DID BEFORE TO
PAY THE MORTGAGE ON HIS HOME IN
KIAWAH - GIVING A SECOND MORTGAGE TO
HIS BROTHER JOHN EHLERS OR AN INVESTMENT
INTEREST - While TAMMY WAS NOT PAYING
THE KIAWAH MORTGAGE WITH THE KIAWAH
RENTAL Receipts AND INSTEAD USED THE
FUNDS [AND IS STILL MISAPPROPRIATING FUNDS] TO
Support Her $14,000 PER MONTH EXPENSES).
BARRY DOES NOT believe IN BORROWING

89

# GROUND 2

FUNDS. BIBLE PSALM 37, VERSE 21 ("THE WICKED borrows"); PROVERBS 22, VERSE 7 ("THE RICH RULES OVER THE POOR, AND THE borrower IS SERVANT TO THE LENDER"); DEUTERONOMY 28, VERSE 12 ("YOU SHALL LEND TO MANY NATIONS, but YOU SHALL NOT borrow") AND DEUTERONOMY 15, VERSE 6). BARRY Believes, Religiously, AS WELL AS THE LAW DOES NOT REQUIRE, BARRY'S FAMILY, FRIENDS AND OTHERS TO LOAN HIM MONEY TO SUPPORT TAMMY'S $14,000 A MONTH LIFESTYLE WHEN THAT IS MORE THAN BARRY LIVES ON IN A YEAR.

IN THIS CASE, THE FUNDS PAID BY BARRY ARE REQUIRED TO GO THROUGH THE ILLINOIS STATE AGENCY, ILLINOS STATE DISBURSMENT UNIT OR AGENCY (?) WHO HAVE CLAMPED DOWN BARRY FINANCIALLY BY LIENING MY BANK ACCOUNTS WITH OVER $200 OR $300 IN THEM (NOT SUCCESSFUL BECAUSE BARRY ONLY HAD $41 IN HIS ONE BANK ACCOUNT) AND PUT A LIEN OUT FOR ANY FEDERAL OR STATE TAX REFUNDS, SENT LIEN LETTERS TO ALL POTENTIAL employers THAT THE FIRST $9,000 OR SO OF EARNINGS PER MONTH MUST BE PAID OVER TO THE STATE OF ILLINOIS THUS DEPRIVING BARRY OF MAKING ANY MONEY AND BEING ABLE TO SUPPORT HIMSELF (TO THE

GROUND 2

90

GROUND 2

BEST OF MY Recollection) AND THREATENED
TO CONFiscate BARRY'S PASSPORT (OR Already
HAS) inhibiting BARRY'S work opportunities.
AS AN INTERNATiONAl TAX ATTORNEY.
These State procedures TAKE AWAY
All THE "KEYS" FOR BARRY TO PAY IN
ADVANCE OF ANY INCARCERATION. THUS
VIOLATiNG BARRY'S DUE Process AND
EFFectually PROViNG THAT BARRY
HAS No "Keys" LeFT. These STATE
procedural mechanisms WITH THE Help
OF THE FEDERAl Government HAVE AlReady
insured THAT All "Keys" ARE TAKEN
AWAY FROM BARRY, AND IN FACT,
LEAVE BARRY No RESOURCES TO
generate FuTure Revenue TO support
His FAMily IN VIOlATiON OF BARRY'S
CONSTiTuTioNAl RightS, INCluDING but
NOT LiMiTeD To Liberty, Right TO property,
equal ProTecTioN, Illegal seizure,
TAKiNG wiTHouT Just Compensation AND
ON. EVEN THE BANK RupTCY laws
Recognize THAT Debtors Need some
Resources To Be productive AND
Restart THeir Lives.
        THiS All Boils Down TO THE court To
Re-create a Debtors Prison AND FoR BARRY'S    91
FAMily, eTc. To SupporT TAMMY'S $14000 A MONTH    HabiTs.
See TURNER.        GROUND 2

# GROUND 2

○ WHEN THERE ARE FEDERAL AND STATE LAWS AND procedures IN PLACE AS IN THIS CASE TO STRIP PETITIONER OF All ASSETS AND INCOME, THERE SHOULD BE A PRESUMPTION THAT INCARCERATION SHOULD NOT BE AN ALTERNATIVE IN VIOLATION OF DUE process, Double JEOPARDY, Property AND LIFE/HAPPINESS

○ THE NOTICE REQUIREMENTS VIOLATE PETITIONER'S RIGHTS (DUE process) BY FAILING TO INCLUDE HABEAS CORPUS RIGHTS IN THE POSTINGS AND STATUTE REQUIRING POSTINGS IN JAILS AND COURTROOMS. 725 ILCS 5/103-7.

○ Judge Reynold's VIOLATES S.CT. Rule 63 ONCE SHE gets A PETITION FOR WRIT OF HABEAS CORPUS AND DOES NOT REcuse HERSELF FROM THIS CASE VIOLATING IMPARTIALITY AND DUE process RIGHTS.

91A

GROUND 2

# GROUND 2

## DUE PROCESS

○ THE ORDER OF INCARCERATION ON NOVEMBER 17, 2015 FAILED TO STATE OR FIND THAT BARRY HAD AN ABILITY TO PAY AND IDENTIFY ASSETS TO BE USED TO PAY THE PURGE (ON INFORMATION AND BELIEF) AND IN SUBSEQUENT ORDERS IN HEARINGS ON THE STATUS OF THE PURGE.

○ ON JUNE 18, 2013, THE COURT, WITHOUT NOTICE OR DUE PROCESS, ON ITS OWN ACCORD WITHOUT THE RELIEF REQUESTED BY TAMMY, THE COURT, SUA-SPONTE, TOOK BARRY'S HOME IN KIAWAH AWAY FROM HIM AND GAVE CONTROL TO TAMMY, SO THAT SHE NOW CONTROLLED ALL 3 OF THE REMAINING RESIDENTIAL PROPERTIES, LEAVING BARRY HOMELESS. THE COURT'S ORDER ALSO SEIZED ALL BARRY'S PERSONAL PROPERTY, HIS WORK EQUIPMENT AND PROPERTY ON LOAN TO BARRY AND PREVENTED REMOVAL OR BARRY'S USE OF IT, ALL ACQUIRED AFTER LEGAL SEPARATION (DENIAL OF PROPERTY RIGHTS ALSO).

92

GROUND 2

# GROUND 2

## DUE PROCESS

O BARRY REQUESTED DISCLOSURE OF MATTERS THAT WERE EXCULPATORY / PORSCHE TITLE, TAMMY'S BANK STATEMENTS TO SHOW HER INCOME AND WOULD REDUCE BARRY'S PAYMENTS, AND HER RELATIONSHIP WITH JEFF GRAHAM, THE MAN SHE IS COHABITATING WITH, VIOLATING BARRY'S DUE PROCESS RIGHT UNITED STATES V. AGURS, 427 US 97; 96 S.CT. 2392; 49 L.ED 2d 342; 1976 U.S. LEXIS 72 (NO. 75-491). MOREOVER, TAMMY HAS BEEN MISAPPROPRIATING FUNDS FROM THE KIAWAH PROPERTY AND RENTAL INCOME, BUT THE JUDGE HAS NEVER HEARD BARRY'S 5 PETITIONS FILED SINCE 10/29/2013 TO GET JUDGE REYNOLDS TO REVERSE HER UNLAWFUL, ILLEGAL AND ILL ADVISED SUA SPONTE ORDER OF 6/18/2013 ORDER GIVING TAMMY CONTROL OF BARRY'S THEN HOME AND PROVIDING TAMMY, A SPENDTHRIFT, ACCESS TO ANOTHER $5,000 OR SO A MONTH TO SPEND ON HERSELF TO THE DETRIMENT OF PETITIONER, HIS FAMILY AND THE KIAWAH PROPERTY — NOW IN FORECLOSURE.

93

⑦

# GROUND 2

## DUE PROCESS

○ — UNDER 750 ILCS 60/215 - MUTUAL ORDERS OF PROTECTION VIOLATED BARRY's DUE PROCESS RIGHT BECAUSE BARRY FILED FOR OP AGAINST TAMMY FOR COMING IN HIS "ABODE" WITHOUT PERMISSION.

○ THE TRIAL JUDGE, VIOLATED BARRY's DUE PROCESS RIGHTS BY NEVER HEARING HIS PETITION FOR RULE TO SHOW - KIAWAH BANK ACCOUNT FILED ON 10/29/2013 AND THE 4 SUBSEQUENT PETITIONS AND NOT IN THE ORDER FILED TO BARRY's PREJUDICE.

○ THE TRIAL JUDGE VIOLATED THE SAFE GUARDS SET OUT IN <u>TURNER</u> BY:

① <u>NO NOTICE</u>: THERE IS NO ALLEGATION IN TAMMY's PETITION FOR RULE TO SHOW CAUSE THAT BARRY HAS THE "Ability TO PAY" NOR WAS THERE NOTICE FROM THE JUDGE THAT "Ability TO PAY" IS A CRITICAL ISSUE IN THE CONTEMPT PROCEEDING

② <u>NO FORM USED</u>: TO THE BEST OF BARRY's RECOLLECTION, NO FORM WAS USED ~~FOR THE~~ TO ELICIT RELEVANT FINANCIAL INFORMATION AT THE HEARING ON CONTEMPT HELD ON November 10, 2015 AND November 17, 2015, AND THE SUBSEQUENT STATUS HEARINGS ON THE PURGE.

94

GROUND 2

③ NO OPPORTUNITY TO PRESENT MY FINANCIAL STATUS ON 11/10/2015 NOR ON 11/17/2015 SINCE NO FINANCIAL INFORMATION PROVIDED TO THE COURT IN THE CONTEMPT HEARINGS ON THOSE DAYS ON ANY FORM.

④ NO EXPRESS FINDING THAT THE DEFENDANT HAS AN ABILITY TO PAY AND WHAT ASSETS OR INCOME HE HAS.

⑤ NO SOCIAL WORKER WAS USED AS AN ALTERNATIVE.

UNDER TURNER, THE TRIAL JUDGE VIOLATED BARRY'S DUE PROCESS RIGHTS BY NOT APPOINTING COUNSEL (EXPERIENCED IN CONTEMPT PROCEEDINGS), WHERE AS HERE THE SAFEGUARDS WERE NOT SATISFIED, THE OPPOSING PARTY WAS REPRESENTED BY AN EXPERIENCED ATTORNEY AND THIS IS AN UNUSUALLY COMPLEX CASE. GAGNON V. SCARPELLI, 411 U.S. 778, @ 788 (1973).

AS IN TURNER, DESPITE FAILING TO PROVIDE THE SAFEGUARDS AND BEING "VERY FAMILIAR WITH" THE TURNER CASE, THE JUDGE INCARCERATED BARRY VIOLATING TURNER AND DUE PROCESS RIGHTS,

95

# GROUND 2

THE COURT, TRIAL JUDGE Jeannie Reynold's, HAS put Herself IN A B.T OF A CONUNDRUM. Although BARRY IS AN ATTORNEY AND FILED AN APPEARANCE IN THE CASE AS AN ATTORNEY 4 OR 5 TIMES, THE COURT FAILED TO Recognize BARRY AS AN ATTORNEY. (THE BEST EXAMPLE IS THE TRANSCRIPT FROM THE 10/31/2014 HEARING TO RECEIVE THE COURT'S JUDGMENT SET BY THE COURT) WHERE THE COURT WOULD NOT RECOGNIZE PETITIONER UNDER SUPREME COURT RULE 701(b). BUT, FOR PURPOSES OF THE CONTEMPT PROCEEDINGS, THE COURT Fails TO APPOINT AN ATTORNEY IN A COMPLEX CASE WHERE THE OPPOSING PARTY HAS AN ATTORNEY IN VIOLATION OF BARRY'S DUE PROCESS RIGHTS, UNDER TURNER V. ROGERS.

# GROUND 2

○ THE TRIAL JUDGE DENIED BARRY DUE PROCESS BY FAILING TO ALLOW HIM THE OPPORTUNITY TO FILE A MEMORANDUM IN SUPPORT (OR TO AMEND HIS MEMORANDUM IN SUPPORT WHICH HE FILED ON OR ABOUT JUNE 17, 2015 WHICH ~~FILE~~ TRIGGERED THE JUDGE TO ENTER THE BAR AGAINST (Appeal #1-15-1942) BARRY OF FILING ANY FURTHER PLEADINGS). BARRY KNEW THE JUDGE WOULD NOT FOLLOW THE LAW NOR ALLOW HIM PROPER DEDUCTIONS, CREDITS AND OFFSETS IN COMPUTING AMOUNTS DUE UNDER THE JUDGMENT. THE COURT, JUDGE REYNOLD'S, FAILED TO EXCLUDE LOANS FROM BARRY'S BROTHER TO PAY THE MORTGAGE ON THE KIAWAH PROPERTY (BARRY HOME AND EXPECTED HOME UNDER THE FINAL JUDGMENT), AND TAX REFUNDS WHICH THE JUDGMENT STATED TAMMY HAD NO INTEREST IN, FROM BARRY'S INCOME. THE COURT DENIED BARRY DUE PROCESS BY FAILING TO ALLOW HIM TO BE HEARD THROUGH ARGUMENTS AND LAW TO BE PRESENTED IN THE MEMORANDUM IN SUPPORT.

97

# GROUND 2

O Current "Ability to pay"

O Judge Reynold's failed to consider Barry's income or assets at the time of the incarceration and instead used cash received by Barry before the judgment was issued on 11/20/2014 and a tax refund received in May or June of 2015 to determine Barry's "Ability to pay," which was improper. The court states that Barry is able to borrow money for every thing else but meeting his support obligations. The "Ability to pay" is a current requirement not one that can use "income" spent a year or more [TAX REFUND] before the incarceration, without adjustments/modifications under the law.

98

# GROUND 2

① INCARCERATION IS A DUE PROCESS VIOLATION. THE LEGAL RESOURCES AND OTHER RESOURCES ARE NOT AVAILABLE TO AN INCARCERATED PERSON AND ESPECIALLY A PRO SE PARTY, IN JAIL. BY INCARCERATING BARRY, THE COURT HAS: JEOPARDIZED BARRY'S RIGHT TO ARGUE HIS APPEAL IN CASE # 1-15-0293; JEOPARDIZED BARRY'S MOTIONS AND PETITIONS (i.e. ALL LITIGATION) IN THE TRIAL COURT CASE # 2010 D 230327 AS WELL AS BARRY'S ZEALOUS LITIGATION OF OTHER MATTERS IN THE CASE, GOING AS FAR BACK AS OCTOBER 29, 2013 WHICH HAVE NOT BEEN HEARD (PETITION FOR RULE TO SHOW CAUSE - KIAWAH BANK ACCOUNT); JEOPARDIZED BARRY'S ABILITY TO OBTAIN AND FILE THE RECORD IN APPEAL # 1-15-0293 (APPEAL # 1-15-2449) # 1-16-0027) AND THE ENTIRE APPEAL AS BARRY HAS NOW HAD TO REQUEST A THIRD ~~APPEAL~~ EXTENSION OF THE TIMING OF FILING THE RECORD SINCE BARRY IS A POOR PERSON AND DOES NOT, AS OF YET, HAVE SOMEONE TO PAY FOR, PICK UP AND FILE THE RECORD IN THE APPELLATE CASE.

99

GROUND 2

THE COURT VIOLATED BARRY'S
DUE PROCESS RIGHTS BY FAILING TO
FOLLOW ITS ORAL PRONOUNCEMENTS.
UNDER People V. SMITH, 242 Ill. APP 3d
399, 402; 609 N.E. 2d 1004, 182 Ill. DEC.
470 (1993) ("WHEN THE ORAL PRONOUNCEMENT
OF THE COURT AND THE WRITTEN ORDER ARE
IN CONFLICT, THE ORAL PRONOUNCEMENT
CONTROLS." - REAGAN'S COLLEGE, KIAWAH ESCROW, ETC.

(1) ON OR ABOUT JUNE 17, 2013,
THE COURT ORALLY ORDERED THE KIAWAH
REVENUES HELD IN ESCROW, ON THE
RECORD AND IN TRANSCRIPTS. IN THE
JUNE 18, 2013 ORDER, THERE IS NO
MENTION OF AN ESCROW ACCOUNT.
AS A RESULT, FUNDS HAVE BEEN
MISAPPROPRIATED BY TAMMY IN
VIOLATION OF BARRY'S RIGHT TO
DUE PROCESS, EQUAL PROTECTION
AND PROPERTY IN AMOUNTS Alleged, IN EXCESS OF $100,000.

(2) ON OR ABOUT JUNE 18, 2013
THE COURT ORALLY STATED THAT, IN EFFECT,
BARRY WAS TO CONTINUE PAYING
60% OF HIS INCOME TO TAMMY
WITHOUT AN 8% REDUCTION DUE TO ONE
CHILD TURNING 18 BECAUSE SHE WAS
GOING TO COLLEGE (IE THE 8% IS NOW

100

GROUND 2

A PAYMENT FOR college). HOWEVER, IN THE 7/28/2015 ORDER, THE COURT FAILS TO GIVE ANY CREDIT FOR THE 8900 OR $14,000 (APPROX.) PAYMENTS AND ORDERED BARRY TO PAY A SECOND TIME IN VIOLATION OF THE ORAL PRONOUNCEMENT IT IS UNLAWFUL (NOT TO REDUCE CHILD SUPPORT.

③ THE COURT ALLOWED TAMMY TO TAKE FUNDS OUT OF THE KIAWAH ACCOUNT WITHOUT COURT ORDER NOR AGREEMENT OF THE PARTIES AND WITHOUT PAYING THE EXPENSES OR MORTGAGE OF THE RENTAL PROPERTY, IN VIOLATION OF BARRY'S DUE PROCESS RIGHTS AND IN VIOLATION OF THE ORAL ORDER FOR AN ESCROW ACCOUNT. (EQUAL PROTECTION, RIGHT TO PROPERTY, IMPARTIALITY VIOLATIONS AS WELL)

④ THE COURT ORDERED AN ACCOUNTING FROM TAMMY ON OR ABOUT FEBRUARY OR MARCH OF 2016 BUT TAMMY FAILED TO COMPLY AND BE PRESENT IN COURT. THE COURT FAILED TO HAVE AN ACCOUNTING BEFORE ALLOWING DISTRIBUTIONS FROM KIAWAH ON 7/28/15 AND IN MARCH 2016.

GROUND 2                    101

GROUND 2

O THIS CASE IS NOT MOOT, UNDER
TURNER V. Rogers, 564 U.S. ___ (2011)
"THE Short, conclusive ANSWER TO
RESPONDENTS' MOOTNESS CLAIM, HOWEVER,
IS THAT THIS CASE IS NOT MOOT because
IT FALLS WITHIN A SPECIAL CATEGORY OF
DISPUTES THAT ARE "CAPABLE OF REPETITION"
WHILE "EVADING REVIEW." SOUTHERN PACIFIC
TERMINAL CO. V. ICC, 219 U.S. 498,
515 (1911).

      IF BARRY, PETITIONER, IS RELEASED
FROM INCARCERATION, IT IS A REASONABLE
EXPECTATION THAT HE WILL BE REINCARCERATED
FOR FAILING TO PAY THE AMOUNTS ORDERED
BY Judge JEANNIE REYNOLD'S IN HER
Judgment FOR DISSOLUTION DATED 11/20/2014.
AS A RESULT, THE CASE SHOULD NOT
BE DISMISSED FOR MOOTNESS, because
OF THEIR EXCESSIVENESS. PETITIONER DOES
NOT HAVE THE ABILITY TO PAY $10,000 OR SO A
MONTH WITH NO HOME, NO CAR, NO BED, NO PROPERTY,
NOTHING TO EAT OFF OF (NOT 1 PLACE SETTING OF THE OVER
100 OWNED BY THE COUPLE), RESTARTING HIS LAW PRACTICE,
AND NOW, THE REPUTATIONAL DAMAGE AS A RESULT
OF THIS INCARCERATION AND DAMAGE TO CLIENTS, AND
LOSS OF ALL CLIENTS FOR TAX SEASON.                    102

GROUND 2

# GROUND 2

DUE PROCESS VIOLATIONS

O UNLAWFUL ADMINISTRATION OF CHEMICALS.

THE COOK COUNTY DEPARTMENT OF
CORRECTIONS PROVIDES FOOD (AND WATER)
MEALS THAT CONTAIN CHEMICALS THAT
PROVIDE EXTRA ESTROGEN OR CAUSE
THE BODY TO CREATE EXTRA ESTROGEN
AND LESS TESTOSTERONE. TAKEN TO
LONG, I.E, IN JAIL TOO LONG, THE BODY
WILL STOP PRODUCING TESTOSTERONE.
PETITIONER'S NAILS, HAIR AND BREASTS
HAVE GROWN EXCESSIVELY; SEX DRIVE
HAS DIMINISHED SIGNIFICANTLY; PETITIONER
IS NOTICEABLY SLEEPIER THAN NORMAL—
SLEEPING 12-14 HOURS A DAY AS OPPOSED
TO 6-8 HOURS.

PETITIONER HAS REDUCED HIS FOOD
INTAKE OF THE MEAT SERVED (WHICH
PETITIONER BELIEVES IS ONE OF THE MAJOR
CONTRIBUTORS) LOSING AN ESTIMATED 20
TO 25 POUNDS SINCE 1/17/2016. PETITIONER
BELIEVES THERE ARE OTHER FOODS LACED WITH
THE ESTROGEN / CHEMICALS.

ALSO, THIS VIOLATES PETITIONS RIGHT TO
LIFE AND HAPPINESS AS HE EVENTUALLY
PLANS TO START ANEW AND HAVE
ADDITIONAL CHILDREN

GROUND 2                                    102 A

# GROUND 2

## DUE PROCESS VIOLATION

O __FAIL TO POST NOTICE OF RIGHTS UNDER 725 ILCS 5/103-7, NOR CONSTITUTIONAL RIGHTS.__ BESIDES THE FACT THAT NO CONSTITUTIONAL Rights Are Posted, PETITIONER HAS NOT SEEN ANY POSTED NOTICES IN THE JAIL OR COURTHOUSES (NOR HAS ANY OTHER INMATE AT EACH OF THE OTHER COURTHOUSES AND DIVISIONS OF THE JAIL) IN COOK COUNTY REQUIRED BY § 103-7, IN VIOLATION OF HIS DUE PROCESS RIGHTS, JUDGE REYNOLD'S DUTY UNDER S.CT. RULE 63 (KNOWLEDGE AND COURTROOM DECORUM) AND CONSTITUTE'S OFFICIAL MISCONDUCT (720 ILCS 5/33-3).

O __FAIL TO FOLLOW HEALTH CARE GUIDELINES__

PETITIONER HAD BLOOD DRAWN BY THE HEALTH FACILITY, "CERMAK", AT THE JAIL. ① THE HEALTH CARE PROFESSIONAL FAILED TO ADVISE ME, EVEN AFTER ASKING, WHAT THE BLOOD DRAW WAS FOR. PETITIONER REQUESTED A TETNIS AND HEPATITIS SERIES OF SHOTS DUE TO THE NUMBER OF DRUG USERS IN THE INMATE POPULATION. ② THE PROFESSIONAL ALSO FAILED TO CHANGE GLOVES, WASH HANDS AND PROPERLY CLEAN THE BLOOD DRAW AREA. UPON OBSERVATION, THE GLOVES WERE NOTICEABLY DIRTY AND NOT CHANGE SUBSEQUENTLY ON THE "ASSEMBLY LINE" OF BLOOD DRAWS.

102 B

GROUND 2

GROUND 2

O  COOK COUNTY JAIL / THOMAS DART HAVE
A POLICY TO DENY LAW LIBRARY SERVICES
AND THOSE SERVICES ARE WHOLLY
INADEQUATE TO LITIGATE, LET ALONE
ZEALOUSLY LITIGATE, CASES OF THOSE IN
THE JAIL VIOLATING DUE PROCESS RIGHTS
AND EQUAL PROTECTION RIGHTS, PREJUDICING
THE INMATES RIGHTS AND CAUSING THEM TO
LOSE THEIR CASES, MOTIONS, PETITIONS
AND MISS DEADLINES.

THE ILLINOIS SUPREME COURT RULES
DO NOT TAKE THE INADEQUACY AND
BARRIERS IN PLACE OF JAIL LEGAL
SERVICES AND THE RULES VIOLATE AN
INMATES DUE PROCESS RIGHTS AS
WELL AS THE CIRCUIT COURT OF COOK
COUNTIES LOCAL RULES.

BARRY FILED VARIOUS AFFIDAVITS AND
AVERMENTS TO THE LIMITATIONS,
INADEQUACIES OF THE LAW LIBRARY
AND ITS SERVICES AND SERVED COPIES ON
THE PARTIES HEREIN AS A PART OF THE
HABEAS CORPUS PROCEEDINGS AND INCORPORATES
THEM HEREIN.

GROUND 2                                    102C

# GROUND 2

Ⓞ <u>REASONABLE ACCESS TO ADEQUATE LAW LIBRARY RESOURCES – DENIED</u>

Ⓐ <u>INADEQUATE "LAW LIBRARY"</u>

THERE ARE ONLY 20 TO 30 MOSTLY OUTDATED "LAW BOOKS" IN THE LIBRARY WHICH INMATES MAY PERUSE WHILE WAITING FOR THE "LAW LIBRARIAN" TO PERFORM THE MAXIMUM OF THREE REQUESTS USUALLY DONE IN 15-20 MINUTES. THERE IS NO OPPORTUNITY TO DO RESEARCH ON COMPUTERS AND CULL THROUGH POSSIBLE SOURCES WITHOUT PRINTING THEM AND WASTING ONE OF THE 3 REQUESTS FOR THE 1 VISIT OR LESS TO THE LAW LIBRARY PER WEEK.

Ⓑ <u>INADEQUATE RESOURCES.</u> EVEN IF BARRY KNEW ALL THE STATUTES, CASES AND ARGUMENTS OFF THE TOP OF HIS HEAD (WHICH HE DOES NOT AND NO ONE SHOULD BE EXPECTED TO, EVEN AN ATTORNEY), THE NEXT HURDLE (INSURMOUNTABLE) IS SUPPLIES NEEDED TO FILE A PLEADING. THE JAIL DOES NOT HAVE COMPUTERS; WHITE PAPER; LIMITS COPIES TO 60 PAGES FOR FREE PER VISIT (PER WEEK) AND CHARGES 5¢ PER PAGE UP TO 120 PAGES

<u>GROUND 2</u>                    102D

TOTAL (60 FREE / 60 PAID); WONT COPY
CERTAIN ATTACHMENTS TO FILINGS (GRIEVANCES/
INMATE REQUEST FORMS / FILINGS WITH OTHER
INMATES NAME ON THEM); NO PENS OTHER
THAN SECURITY PENS WHICH ARE EXTREMELY DIFFICULT
TO WRITE WITH; NO ENVELOPES LARGE ENOUGH
TO HOLD FILINGS OVER ≈ 100 PAGES; NO POSTAGE
OVER $10.00; NO ADDRESSES OF WHERE TO
FILE; NO LEGAL SUPPLIES CAN BE MAILED
IN TO BE USED (BARRY HAD PAPER / ENVELOPES/
STAMPS AND A 323(b) LETTER RETURNED
BY THE JAIL SENT IN AS LEGAL MAIL/
ATTORNEY-CLIENT PRIVILEGED); NO CHECKS
AVAILABLE TO PAY FILING FEES OR CAN BE
MAILED IN TO COVER FILING FEES; NO
POSTAGE METER TO DETERMINE THE AMOUNT
OF POSTAGE (GUESSING REQUIRED); AS WELL
AS OTHER HURDLES.

   Ⓒ REASONABLE ACCESS TO LAW LIBRARY.
BARRY HAS NOT HAD REASONABLE ACCESS
TO THE LAW LIBRARY. DESPITE NUMEROUS
REQUESTS TO GO TO THE LAW LIBRARY FROM
NOVEMBER 17, 2015 TO APRIL 20, 2016,
BARRY WAS ALLOWED LESS THAN ONE VISIT
PER WEEK (FOR 15 MINUTES TO 1 HOUR ±)

              GROUNDS 2

                                    102E

## GROUND 2

TO THE LAW LIBRARY AND INTENTIONALLY NOT CALLED WHEN FILING DUE DATES WERE DISCLOSED ON REQUEST FORMS, NECESSITATING FILING WHAT I HAD AND ASKING FOR LENIENCY (WHICH WAS DENIED) FROM THE SUPREME COURT OF ILLINOIS - PETITION FOR WRIT OF HABEAS CORPUS. (PP 403- 403B) BARRY OBTAINED A COURT ORDER MANDATING AT LEAST 3 TIMES PER WEEK OF LAW LIBRARY SERVICES ON MARCH 16, 2016 (PAGE 404). THE JAIL LOST THE ORDER AND REFUSED TO EVEN LOOK AT A SECOND ORIGINAL COPY I HAD OF THE ORDER. ON APRIL 18, 2016, I OBTAINED ANOTHER COPY OF THE ORDER (AND MADE SURE AGAIN THAT IT WAS PUT IN MY "MITT" TO THE JAIL). BARRY FILED GRIEVANCES ON THE FIRST ORDER TO NO AVAIL. IT IS WELL KNOWN BY THE INMATES AS WELL AS THE CRIMINAL COURTS JUDGES (BUT NOT DOMESTIC RELATIONS DIVISION) TO NOT GRANT COURT ORDERS FOR LAW LIBRARY SERVICES. IT IS A POLICY, PRACTICE AND CUSTOM TO DENY LAW LIBRARY SERVICES BY TOM DART, SHERIFF.

EVEN AFTER THE COURT ORDER

GROUND 2

102F

## GROUND 2

WAS ENTERED IN THE "SYSTEM" ON OR ABOUT APRIL 20, 2016, BARRY HAS still only RECEIVED AT MOST, 2 LAW LIBRARY VISITS IN THE LAST 2 weeks.

MOREOVER, IN RETALIATION FOR MY COMPLAINTS AND GRIEVANCES, I WAS NOT PROVIDED LAW LIBRARY SERVICES THE WEEK OF APRIL 14, 2016, A CRUCIAL week, (BASED ON Recollection AND Belief).

THERE IS NO WAY A REGULAR INMATE CAN PROTECT THIS RIGHT, KNOW OF THIS RIGHT AND EFFECTIVELY FIGHT FOR THIS RIGHT. I Fully EXPECT ADDITIONAL RETRIBUTION FOR MY COMPLAINTS AND GRIEVANCES TO RIGHT THIS INJUSTICE. (SEE LAW LIBRARY AFFIDAVIT PP 178-191 IN Support).

GROUND 2                              102 G

## GROUND 2

O ON INFORMATION AND BELIEF, AFTER BEING ADVISED IN OPEN COURT THAT THE COURT SHALL NOT MAKE THE NEXT COURT DATE ~~ILL A~~ BEYOND 30 DAYS, THE COURT CONSISTENTLY VIOLATES BARRY'S DUE PROCESS RIGHTS BY GOING BEYOND THE 30 DAY RULE CONTAINED IN THE CIRCUIT COURT OF COOK COUNTY LOCAL RULES AND GENERAL ORDERS FOR BRINGING BARRY BACK BEFORE THE COURT WHEN HE IS INCARCERATED.

O FAILURE TO FOLLOW — VIOLATION OF GENERAL ORDER NO. 10 — MATTERS ASSIGNABLE TO ASSOCIATE JUDGES. (CIRCUIT COURT OF COOK COUNTY, GENERAL ORDER [AMENDED JAN. 7, 1982]. SINCE EFFECTIVE MAY 17, 2016, BARRY WILL HAVE SERVED MORE THAN 1 YEAR IN JAIL WITH DAY FOR DAY CREDIT AND BECAUSE THERE IS NO LIMIT IMPOSED ON JUDGE REYNOLDS TO HOLD BARRY INCARCERATED THAT SHE FOLLOWS, THE PRESIDING JUDGE ~~IS~~ IS PRECLUDED FROM ASSIGNING THIS CASE TO ASSOCIATE JUDGE JEANNE REYNOLDS, JUDGE DICKLER, THE PRESIDING JUDGE HAS VIOLATED BARRY'S DUE PROCESS RIGHTS.

O FINANCIAL DISCLOSURE FORM 13.3 HAS NO LINE TO ENTER BARRY'S "ABILITY TO BORROW" - THUS, NO NOTICE OF THIS STANDARD. GROUND 2

102H

# GROUND 2

O **JUDGE REYNOLDS HAS INCARCERATED BARRY BEYOND THE PERIOD AUTHORIZED BY LAW FOR CIVIL CONTEMPT OF COURT.**

BESIDES INCARCERATING BARRY ON NOVEMBER 17, 2015 FOR BARRY'S FAILURE TO PAY THE $15,000 PURGE BY BORROWING FUNDS FROM HIS BROTHER JOHN EHLERS, APPLYING AN "ABILITY TO BORROW" STANDARD, THE COURT HAS ALSO INCARCERATED BARRY FOR IN EXCESS OF 3 MONTHS AND AS OF MAY 17, 2016, IN EXCESS OF 6 MONTHS, WHICH RAISES THE IMPRISONMENT TO THAT OF A FELONY, UNDER ILLINOIS LAW.

UNDER 750 ILCS 5/505(b), A PARENT FOUND GUILTY OF CONTEMPT MAY BE SENTENCED TO PERIODIC IMPRISONMENT NOT TO EXCEED 6 MONTHS. UNDER 730 ILCS 5/3 - 6 - 3 (a)(2.1), FOR ALL OFFENSES, THERE IS A ONE DAY OF SENTENCE CREDIT FOR EACH DAY OF BARRY'S SENTENCE OF IMPRISONMENT.

AS OF MAY 1, 2016, BARRY WILL HAVE SPENT 7 MONTHS IN JAIL (NOVEMBER, DECEMBER, JANUARY, FEBRUARY, MARCH, APRIL AND MAY). AS OF MAY 17, 2016, BARRY WILL HAVE SPENT A YEAR IN JAIL WITH THE DAY FOR

GROUND 2                    102 I

# GROUND 2

DAY CREDIT UNDER 730 ILCS 5/3-6-3 (a)(2.1).

JUDGE REYNOLDS CONTINUES TO HOLD BARRY IN JAIL BEYOND HER LAWFUL AUTHORITY SO THAT BARRY'S APPEALS AND TRIAL COURT CASES ARE JEOPARDIZED WHEN SHE KNOWS THAT BARRY CANNOT LEGALLY BE HELD FOR MORE THAN 3 MONTHS UNDER 750 ILCS 5/505(b) WITH THE CREDIT GRANTED BY THE LEGISLATURE UNDER 730 ILCS 5/3-6-3(a)(2.1). JUDGE REYNOLDS INTENTIONALLY OR RECKLESSLY FAILS TO RELEASE BARRY, A MANDATORY DUTY REQUIRED BY LAW. SHE ALSO KNOWINGLY INCARCERATED BARRY WITHOUT PROVIDING HIM LEGAL COUNSEL DURING THE CONTEMPT PROCEEDINGS AND CONTINUES TO SEND BARRY BACK TO JAIL AFTER EACH PROCEEDING IN HER COURTROOM WHICH SHE KNOWS SHE IS FORBIDDEN BY LAW, TURNER V. ROGERS, AND 5/505(b)/6-3(a)(2.1), TO DO.

O  THE TRIAL JUDGE CONTINUES TO VIOLATE BARRY'S DUE PROCESS RIGHTS BY DISMISSING PETITIONER AND THE COURT REPORTER AND THEN HOLDING ADDITIONAL PROCEEDINGS SUCH AS PICKING THE NEXT COURT DATE BEYOND THE 30 DAY LIMIT. —

GROUND 2  EXPARTE COMMUNICATIONS.

102J

# GROUND 3

## RIGHT TO EQUAL PROTECTION OF LAWS UNDER
Illinois constitution section 2
U.S. constitution 14th AMENDMENT

① THE COURT FAILED TO RECOGNIZE BARRY AS AN ATTORNEY WHO HAD AN APPEARANCE(S) ON FILE IN THE CASE AS AN ATTORNEY OF RECORD, DENYING AND ABRIDGING HIS priviledge under Supreme court Rule 70(h) AND EQUAL PROTECTION UNDER THE LAW. THE COURT ALLOWED TAMMY's Attorney TO Represent Her in All Matters, BUT DENIED BARRY. (see petition FOR LEAVE TO APPEAL) CASE # 1-15-0293

② THE COURT DENIED EQUAL protection OF ~~the~~ property (MARITAL property) By Failing TO grant BARRY ANY MARITAL property From THE MARITAL ESTATE / RESIDENCE AND UNDER THE CONSTITUTION, BARRY SHOULD HAVE Received HALF AS He requested AT THE 12/19/2014 property HEARING.

③ MEDICAL INSURANCE EXPENSE FOR CHILDREN. THE COURT ORDERED BARRY

# GROUND 3 (CONT).

TO PAY 100% OF THE CHILDRENS
MEDICAL INSURANCE EXPENSES
IN ITS JUDGMENT ON 11/20/2014
AND IN ITS ORDER OF 7/28/2015
(WHICH TAMMY FAILED TO PRODUCE
1 INVOICE ISSUED MONTHLY BY THE
INSURANCE COMPANY TO SUPPORT
HER REPRESENTATION TO BARRY THAT THE
COST WAS $351 PER MONTH) WHEN
TAMMY IS TO RECEIVE 30% OF
BARRY'S GROSS INCOME AND 100%
OF BARRY'S FIRST $75,000 OF
INCOME (DUE TO THE PHANTOM INCOME).
THIS ORDER VIOLATED BARRY'S RIGHT
TO EQUAL PROTECTION UNDER THE LAW.
   (4) TAX EXEMPTIONS FOR KIDS
100% TO TAMMY. GRANTING TAMMY THE
TAX EXEMPTIONS FOR THE CHILDREN
TO BARRY'S EXCLUSION VIOLATES
BARRY'S EQUAL PROTECTION RIGHTS
ESPECIALLY IF BARRY IS SUPPOSED
TO BE THE HIGH EARNER.
   (5) OF 4 RESIDENTIAL HOMES
OWNED BY THE COUPLE (2 JOINTLY)
THE COURT AWARDED OWNERSHIP OR

GROUND 3 (CONT)

CONTROL TO TAMMY, TO THE EXCLUSION OF BARRY VIOLATING HIS ~~BAR~~ RIGHT TO EQUAL PROTECTION. MOREOVER, THE COURT GRANTED OWNERSHIP OF THE MARITAL RESIDENCE TO TAMMY BUT THE SECOND MORTGAGE OR HELOC OF APPROXIMATELY $540,000 TO BARRY AND ONLY THE FIRST MORTGAGE OF APPROXIMATELY $144,000 WAS ALLOCATED TO TAMMY IN VIOLATION OF BARRY'S RIGHT TO EQUAL PROTECTION UNDER THE LAW.

⑥ IN VIOLATION OF BARRY'S RIGHT TO EQUAL PROTECTION, THE COURT AWARDED NO OPERATING CAR TO BARRY OR ANY MEANS FOR BARRY TO OBTAIN A CAR.

⑦ VISITATION WITH CHILDREN. UNDER THE "AGREED" ORDER ENTERED ON NOVEMBER 7, 2012 BY MISREPRESENTATION ~~AN~~ AND FRAUD BY TAMMY'S ATTORNEY, THE COURT ENTERED AN ORDER DENYING BARRY ANY RIGHT OF VISITATION AND INSTEAD INSERTED A PROVISION THAT TAMMY DECIDED WHEN BARRY HAD VISITATION. BARRY AGREED TO VISITATION EVERY OTHER WEEKEND AND DINNER IN THE ORDER WHICH NEVER OCCURRED IN THE CONTENTIOUS DIVORCE.

## GROUND 3 (CONT)

THIS ORDER VIOLATED BARRY'S RIGHT TO HIS MINOR CHILDREN WHICH HE HAS NOT HAD VISITATION IN 5+ YEARS, NO EQUAL PROTECTION

(8) THE COURT FORCED BARRY'S COURT REPORTERS TO SIT IN THE JURY BOX, SOME 10 FEET AWAY, DURING HEARINGS WHERE WITNESSES WERE NOT USING THE WITNESS BOX MEANWHILE, IN OTHER CASES, THE COURT ALLOWED THE COURT REPORTER TO SIT IN THE WITNESS BOX. THIS VIOLATES BARRY'S RIGHT TO EQUAL PROTECTION AND MADE IT MORE DIFFICULT TO GET AN ACCURATE, AUDIBLE TRANSCRIPT FOR THE APPEALS.

(9) THE COURT IMPOSED A 60% SUPPORT PAYMENT ON BARRY FROM JUNE 7, 2013 TO THE DATE OF JUDGMENT FOR MAINTENANCE AND CHILD SUPPORT FAR IN EXCESS OF THE GUIDELINE/STATUTORY AMOUNTS OF 30% MAINTENANCE OF GROSS AND 20% (1 CHILD) OF NET OR 14% (20% OF 70%) =44%. THIS VIOLATED EQUAL PROTECTION UNDER GUIDELINE CHILD SUPPORT STATUTE.

GROUNDS 3 (CONT).

⑩ THE COURT GRANTED A $15,000 2007 FORD EXPEDITION TO TAMMY WHILE GRANTING A 1997 VOLVO SEDAN WITHOUT A WORKING TRANSMISSION TO BARRY WHEN THE CAR WAS JUNKED DURING THE PROCEEDING; TAMMY HAS THE TITLE (JOINT) AND WOULD NEVER GIVE IT TO BARRY AND COSTED MORE TO FIX THAN IT WAS WORTH WITHOUT ANY TESTIMONY AT TRIAL OR EVIDENCE IN VIOLATION OF BARRY'S EQUAL PROTECTION OF HIS PROPERTY.

⑪ THE COURT CONTINUOUSLY FAILED TO GIVE BARRY THE OPPORTUNITY TO RESPOND, NOTICE OF HEARINGS AND FAILED TO SET OUT SPECIFICALLY WHAT MATTERS WERE TO BE HEARD ON WHAT DATES AND HEARD MATTERS FAVORABLE TO TAMMY, SUCH AS THE PETITION FOR RULE TO SHOW CAUSE, SUBJECT OF THIS PETITION.

⑫ THE COURT GRANTED 50% OF BARRY'S PENSIONS TO TAMMY, BUT DID NOT GRANT BARRY 50% OF TAMMY'S 401K.

55

EQUAL PROTECTION GROUND 3

107

# GROUND 3

(13) THE COURT FAILED TO GRANT BARRY ANY INTEREST IN THE 1996 PORSCHE THAT WAS HELD Jointly ~~(Joint Title)~~ (JOINT TITLE) SINCE IT WAS PURCHASED ON OCTOBER 22, 2002 (TO BEST OF MY RECOLLECTION).

(14) THE COURT FAILED TO GRANT BARRY ANY INTEREST IN AN HEIRLOOM DIAMOND NECKLACE THAT HE PURCHASED AND HAD APPRAISED IN HIS NAME.

(15) THE COURT VIOLATES BARRYS EQUAL PROTECTION RIGHTS BY NOT PROVIDING BARRY WITH A 5 BEDROOM 4½ BATH HOUSE TO LIVE IN, IN WINNETKA AS IT DID TAMMY, AND INSTEAD STRIPPED EVERYTHING FROM BARRY SO THAT TAMMY COULD, AND STILL DOES MAINTAIN HER "UPSCALE LIFESTYLE" WHILE BARRY IS HOMELESS AND IN JAIL. TAMMY TAKES EXTRAVAGANT TRIPS (LONDON FOR SPRING BREAK IN 2015 AND MEXICO FOR NEW YEARS 2014/15) WHILE BARRY IS CRITISIZED FOR SPENDING $30 ON GAS TO DRIVE TO HIS CHURCH IN KNOXVILLE TN, WHICH HE MAKES UP

56            EQUAL PROTECTION    GROUND    108

## GROUND 3 cont

IN SAVINGS ON A MUCH CHEAPER COST OF LIVING.

(16) THE COURT HAS FAILED TO GRANT BARRY ANY HOLIDAYS, BIRTHDAY'S OR FATHER'S DAYS WITH HIS MINOR CHILDREN SINCE JUNE OF 2010, IN FACT BARRY HAS NOT HAD VISITATION WITH HIS CHILDREN (MINORS) SINCE JUNE/JULY OF 2010, WHILE TAMMY HAS HAD ALL IN VIOLATION OF BARRY'S EQUAL PROTECTION RIGHTS.

57

EQUAL PROTECTION          GROUND 3          109

# GROUND 3

## EQUAL PROTECTION VIOLATION

O   TAX REFUNDS TO BARRY ARE INCOME TO BARRY BUT TAX REFUNDS TO TAMMY ARE NOT. MOREOVER, BARRY SHOULD BE ENTITLED TO TAMMY'S TAX REFUNDS SINCE UNDER THE JUDGMENT, BARRY IS RESPONSIBLE FOR PAYING TAMMY'S TAXES AND THE LAW REQUIRES OFFSETS TO MAINTENANCE FOR TAMMY'S INCOME, GIFTS AND LOANS.

O   THE COURT ORDERS BARRY TO PROVIDE TAMMY HIS TAX RETURNS BUT FAILS TO ORDER TAMMY TO PROVIDE HER TAX RETURNS TO BARRY/JUDGMENT 11/20/2014). THIS ALSO VIOLATES BARRY'S RIGHTS TO DUE PROCESS BECAUSE HE DOES NOT HAVE INFORMATION NECESSARY TO PROVE TAMMY'S INCOME - A REDUCTION OF HIS MAINTENANCE PAYMENTS.

GROUND   3

O.     THE COURT IN TURNER RECOGNIZES THAT "THE CUSTODIAL PARENT [is] OFTEN THE MOTHER, but SOMETIMES THE FATHER, A grandparent, OR ANOTHER PERSON WITH CUSTODY)...." ALTHOUGH THE COURT RECOGNIZES THAT FATHERS ARE NOT TREATED EQUALLY WHEN IT COMES TO BEING THE CUSTODIAL PARENT AND IN FACT SHARED EVEN THE "SOMETIMES" CUSTODY BETWEEN THE grandparents AND OTHERS – YET THE COURT FAILS TO ADDRESS THE EQUAL protection WHEN IT COMES TO MAKING / obtaining EQUAL parental CUSTODY FOR BARRY AND OTHER FATHERS. EVEN THE SUPREME COURT VIOLATES THE EQUAL protection Rights. THERE SHOULD BE A RULE THAT IF THE MOTHER CAN NOT SHOW, AS IN THIS CASE, THAT SHE ENCOURAGED THE MINOR CHILDREN TO SEE THE NON CUSTODIAL PARENT, AS OPPOSED TO DISCOURAGE IN THIS CASE, THE NON-CUSTODIAL PARENT SHOULD BE EXCUSED FROM PAYING CHILD SUPPORT BECAUSE OF THE CUSTODIAL PARENTS VIOLATION OF THE NON-CUSTODIAL PARENTS RIGHT OF EQUAL protection, property, LIFE, HAPPINESS, ETC.

GROUND 3

111

# GROUND 3

## EQUAL PROTECTION VIOLATION

TAMMY BORROWED $155,000 FROM HER FATHER, PLUS $15,000 TO PAY HER ATTORNEYS, PLUS $4,200 TO GO TO KIAWAH IN AUGUST OF 2010, PLUS $1,400 TO DEPOSIT IN HER CHECKING ACCOUNT WHICH WAS NEVER DEEMED AS INCOME TO HER.

BARRY'S BROTHER, JOHN EHLERS, PAID DIRECTLY TO THE MORTGAGE COMPANY FOR KIAWAH OR THROUGH BARRY, APPROXIMATELY $50,000, ALL WHILE TAMMY HAD CONTROL OF THE PROPERTY WHICH WAS GENERATING SUFFICIENT INCOME TO PAY THE MORTGAGE BUT DID NOT— AND THE COURT ATTRIBUTES AND TREATS THIS AS INCOME TO BARRY DESPITE CASE LAW TO THE CONTRARY.

THIS IS NOT EQUAL PROTECTION!

~~THE COURT FAILED TO PROTECT~~

GROUND 3

112

GROUND 3

EQUAL PROTECTION

○ DETRIMENTAL RELIANCE. BARRY Relied on the court's rulings oral and written to his detriment, when,

① KIAWAH HOME. The court, Judge Reynolds, stated early in the proceedings ~~to Mr. Goldstein and Ms. Mitchel, Attorney's for the parties~~ that she was inclined to grant Kiawah to Barry and 1446 Asbury to ~~Barry~~ Tammy. In reliance on this statement, Barry treated Kiawah as his home, sacrificed to pay the mortgage, turned it into a prospering business going from revenues of approximately $20,000 to $40,000 from 2006 to 2012 to $30,000 to $100,000 in revenue from 2013 to present ($60,000-$70,000 as of the 6/18/2013 turning the home over to Tammy). (and borrowed from his brother to the tune of over $5000 from his brother John Ehlers through a home equity Linton the home (now in foreclosure) proceedings)

② PORSCHE - JOINT PROPERTY. The Judge entered an order in early 2012 or 2013 that the ~~⌂~~ $29,000 of insurance proceeds were to be split 50/50 between Barry and Tammy. The Judge Reversed this decision in its final judgment granting the car to Tammy as non-marital property despite not having clear and

113

## GROUND 3

### DETRIMENTAL RELIANCE

#### PORSCHE (continued)

CONVINCING EVIDENCE THAT IT WAS A GIFT (THE COURT ~~AND~~ NEVER SAW, AND NEVER HEARD NOR (RULED ON BARRY'S MOTION FOR SANCTIONS FOR FAILURE TO PRODUCE THE PORSCHE TITLE (SHOWING JOINT OWNERSHIP FROM PURCHASE TO PRESENT).

BARRY'S PORTION, WAS HELD BY TAMMY'S ATTORNEY IN ESCROW WHILE TAMMY WAS ALLOWED TO SPEND HERS (AND IN FACT SPENT ALL $24,000 AND TOOK OVER A YEAR TO PUT IN THE ESCROW FUNDS) VIOLATING BARRY'S RIGHT TO EQUAL PROTECTION BY NOT ALLOWING BARRY TO HAVE HIS FUNDS. ~~AND THE COURT~~ BARRY KNEW AT THAT TIME THAT THE COURT WOULD NEVER GIVE BARRY THOSE FUNDS AND WOULD MAKE SURE THE FUNDS INURED TO TAMMY'S BENEFIT, AND IN FACT DID.

# GROUND 4

## U.S. CONSTITUTION 5TH & 14TH AMENDMENT

### RIGHT TO PROPERTY

ILLINOIS CONSTITUTION §§1 AND 2

① THE COURT FAILED TO PROTECT BARRY'S RIGHT TO PROPERTY HELD IN HIS CAPACITY AS EXECUTOR OF ESTATES AND GRANTED THE PROPERTY TO TAMMY WITHOUT CONSIDERATION OR HEARING ON THE MATTER.

② SEE EQUAL PROTECTION RELATED TO PROPERTY FOR VIOLATIONS OF BARRY'S RIGHT TO HIS PROPERTY.

③ SEE #4 ON GROUND 5.

④ SEE #13 AND 14 ON GROUND 3.

O   THE COURT FAILS TO PROTECT BARRY'S PROPERTY RIGHT IN HIS CREDIT REPORT RATING BY NOT MAKING ALLOWANCES FOR PAYMENT OF BUSINESS CREDIT CARDS USED TO GENERATE INCOME TO THE FAMILY, SINCE SPENT.

O   THE COURT FAILS TO PROTECT PETITIONER'S SHARE (EQUAL) OF MARITAL ASSETS USED TO FUND PROPERTY AWARDED TO TAMMY AS NON MARITAL THAT WAS LOSING MONEY (CRETE RENTAL PROPERTY AND 1147 ASBURY - $60,000 PER YEAR) AND UP TO $10,000 A YEAR FOR ESTATE EXPENSES.

58

RIGHT TO PROPERTY - GROUND 4

GROUND 4

○ $18,000 OF PREPAID EXPENSES AT KIAWAH.
THE COURT TURNED CONTROL OF
BARRY'S HOME OVER TO TAMMY ON 6/18/13
SUA SPONTE. AT THAT TIME, BARRY HAD
PAID $18,000 OF MORTGAGES AND UTILITY
EXPENSES IN ADVANCE, AND HAD PAID
$4,500 A MONTH plus oTHer expenses OF THE
Property FROM 1/27/2012 TO 6/18/2013
(Approx $100,000) AND HAD ABout $80,000
OF RENTS IN 2012 AND YEAR TO DATE 6/18/2013,
THE COURT IN EFFECT TOOK THIS $18,000
FROM BARRY AND GAVE IT TO TAMMY,
VIOLATING BARRY'S RIGHT TO property AND
FUNDING TAMMY'S LIFESTYLE, BEYOND HER
MEANS - All AT PETITIONers EXPENSE.

GROUND 4    ②                    116

# GROUND 5

## Right to Remedy and Justice and Speedy Trial

U.S CONSTITUTION 6th AMENDMENT
Illinois Constitution Section 8 AND 12

(1) THE COURT FAILED TO RULE ON MOTIONS TO MODIFY SUPPORT WHEN BARRY HAD A $50,000 REDUCTION IN PAY, LOST HIS JOB IN OCTOBER 2011, MINOR CHILD BECAME AGE 18 AND GRADUATED High SCHOOL ON June 7, 2013, LOST HIS JOB WITH PWC ON July 1, 2014 AND AGAIN FILED ON JANUARY 2, 2015 AND JANUARY 26, 2015. VIOLATING BARRY'S RIGHT TO A REMEDY AND JUSTICE AND SPEEDY TRIAL AS WELL AS CRUEL AN UNUSUAL PUNISHMENT UNDER THE 8th AMENDMENT, U.S. CONSTITUTION, RESULTING IN BARRY IN SOME CASES Forced TO ACT UNILATERALLY AND UNDER Duress.

(2) THE COURT FAILED TO RULE AND HOLD HEARINGS ON BARRY'S PETITIONS FOR RULE TO SHOW CAUSE, MOTIONS TO COMPEL, MOTIONS FOR

59

## GROUND 5 (CONT)

SANCTIONS, AND OTHER MATTERS THROUGH OUT THIS CASE

③ THE COURT FAILED TO HOLD A GOOD CAUSE HEARING ON TAMMY's FAILURE TO ANSWER BARRY's THIRD AMENDED PETITION FOR RULE TO SHOW CAUSE RELATED TO KIAWAH BANK ACCOUNTS AND ALLOWED TAMMY TO FILE HER ANSWER INSTANTER WHEN NO GOOD CAUSE HEARING WAS HELD. ALSO A DUE PROCESS VIOLATION.

④ THE COURT FAILED TO HOLD A HEARING OR RULE ON BARRY's MOTIONS FOR HIS PERSONAL & OTHER PROPERTY INCLUDING PROPERTY BELONGING TO PWC (HIS EMPLOYER), ESTATE PROPERTY (BARRY IS THE EXECUTOR) AND PROPERTY BELONGING TO FRIENDS AND FAMILY. TAMMY IS STILL IN POSSESSION AND CONTROL OF THIS PROPERTY.

# GROUND 6

## IMPAIRING CONTRACTS

ILLINOIS CONSTITUTION SECTION 16
U.S. CONSTITUTION 5th AND 14th AMENDMENTS

① THE COURT IMPAIRED BARRY's RIGHT TO EXCLUSIVE USE AND ENJOYMENT OF THE KIAWAH PROPERTY AS HIS HOME BY HIS INTERPRETING THE MEANING OF A SECOND HOME CLAUSE IN THE MORTGAGE ON THE HOME TO LIMIT THE USE OF THE HOUSE AS OTHER THAN A FIRST HOME.

THE COURT FAILS TO ADDRESS HOW THE HOME CAN BE RENTED OUT WHICH IS A VIOLATION OF THIS PROVISION. THE COURT USES THIS REASONING TO PREVENT BARRY FROM HAVING A HOME AND

② IMPAIRING BARRY's ORAL AND WRITTEN MODIFICATIONS OF THE CONTRACT THAT HE LIVED IN THE HOME WHEN HE ALONE SIGNED THE LOAN MODIFICATION TO GET THE HOME OUT OF FORECLOSURE IN JANUARY 2012.

③ THE COURT ALSO IMPAIRS BARRY's CONTRACT (PARTNERSHIP AGREEMENT WITH TRUE PARTNERS)

61

IMPAIRING CONTRACTS GROUND 6

119

## GROUND 6

AND WITH PWC BY STATING THAT
BARRY WAS NOT UNDER ANY
CONTRACTUAL OBLIGATION, ~~LET ALONE~~ LET ALONE
THE LEGAL CANONS, AICPA INDUSTRY
STANDARDS AND CASE LAW, TO
NOT HAVE ANY BUSINESS INTERESTS
OUTSIDE OF TPC OR PWC.

THE COURT FAILS TO ADDRESS
THESE CONTRACTS IN ITS JUDGMENT
AND TAMMY'S SPOUSAL CONSENT
TO THE TPC AGREEMENT WHICH
PREVENTS BARRY FROM OTHER
BUSINESS INTERESTS FOR PROFIT
AND THE IMPACT ON BARRY'S
DECISION TO ~~TRANSITION~~ THE $10,000
OF CLIENTS TO MS. GRANATH AND
STONE WALLACE LLC OF TENNESSEE.
MOREOVER, THE COURT FAILS TO
CONSIDER THE IMPACT ON BARRY
IF HE CONTINUED TO SERVE THESE
CLIENTS (BREACH OF CONTRACT, ETHICAL
VIOLATIONS, INJURY TO REPUTATION) LOSS OF JOB.
③ AIRCARD. THE COURT ALSO IMPAIRS
BARRY'S CONTRACT WITH PWC BY NOT
ALLOWING BARRY HIS PWC AIRCARD FROM
KIAWAH, IMPAIRING BARRY ABILITY TO WORK.
IMPAIRING CONTRACTS                    120

62

# GROUND 7

## DISCRIMINATION BASED

## ON SEX

U.S. CONSTITUTION   19th AMENDMENT

① THE COURT FAILS TO REQUIRE TAMMY TO SEEK EMPLOYMENT OR EARN A LIVING EVEN AFTER 5 AND ½ YEARS OF THE PROCEEDINGS.

② THE COURT BARS BARRY FROM EVER SEEKING MAINTENANCE FROM TAMMY. THIS IS PROBLEMATIC BECAUSE TAMMY IS THE ONLY CHILD OF HER FATHER WHO IS WORTH BETWEEN $16 AND $20 MILLION AND IN FAILING HEALTH AT AGE 78. ONE WAY MAINTENANCE IS DISCRIMINATION AND A VIOLATION OF EQUAL PROTECTION AS WELL.

③ TAMMY WAS AWARDED THE TAX EXEMPTIONS FOR THE CHILDREN FROM 2010 FORWARD. THIS IS DISCRIMINATORY AND BELIED BY THE FACT THAT THE COURT TREATS BARRY AS THE HIGH INCOME EARNER.

④ THE COURT GRANTED 50% OF BARRY'S PENSIONS TO TAMMY BUT DID NOT GRANT BARRY 50% OF TAMMYS 401K.

SEX DISCRIMINATION   GROUND 7

63

121

GROUND 8

SATISFACTION

① TAMMY HAS BEEN misappropriating FUNDS FROM THE KIAWAH HOUSE RENTS STARTING 617 DAYS AFTER SHE GOT control OF BARRY'S HOME ON JUNE 18, 2013 (order). BARRY FILED 5 PETITIONS FOR RULE TO SHOW CAUSE WHY TAMMY SHOULD NOT BE HELD IN CONTEMPT STARTING OCTOBER 29, 2013. THE JUNE 18, 2013 ORDER STATES THAT TAMMY MUST HAVE AN ORDER OF COURT OR AGREEMENT BY THE PARTIES TO WITHDRAW FUNDS FROM THE RENTAL INCOME ACCOUNT. NO SUCH ORDER HAS EVER BEEN REQUESTED OR GIVEN AND BARRY DOES NOT AGREE AND HAS NOT BEEN ASKED. BARRY'S JANUARY 26, 2015 PETITION ALLEGED $63,000 OF misappropriations (THE 5TH SUCH PETITION). THE AMOUNT NOW misappropriated IS ESTIMATED IN EXCESS OF $100,000 (½ OF WHICH IS BARRY'S)
TAMMY HAS WITHDRAWN
$14,059 TO PAY COLLEGE EXPENSES,
$10,000+ AS AN INCOME DISTRIBUTION,
$3,460.00 AS AN INCOME DISTRIBUTION

64

SATISFACTION GROUNDS 8

122
①

GROUND 8 (CONT)

PAID $2,500 TO HER ATTORNEYS,
PAID HER PERSONAL BILLS, MEDICAL
EXPENSES, FORGED BARRY'S SIGNATURE
AND NOT PAID THE MORTGAGE SINCE 2/2015
NOR $10,000+ OF ASSESSMENTS DUE ON THE
HOME ALL WITH THE COURTS KNOWLEDGE. THE
COURTS FAILURE TO HOLD TAMMY
ACCOUNTABLE FOR SPENDING THE
$70,000 TO $100,000+ OF RENTS EACH
YEAR ON NON KIAWAH ITEMS IN VIOLATION
OF THE JUNE 18, 2013 ORDER AND
THE JUDGEMENT, TAMMY DOES
NOT PROVIDE ANY ACCOUNTINGS
OR BANK STATEMENTS BECAUSE
THE COURT, JUDGE REYNOLDS, FAILS
TO HOLD HER ACCOUNTABLE.
        BARRY HAS FILED ALL KIAWAH  {Received}
RENTAL ACCOUNT BANK STATEMENTS AS
EXHIBITS AND CAN SHOW NON-COURT
ORDERED EXPENSES (ALL OF THEM)
AND THOSE PAYMENTS BARRY DISAGREES.
BARRY DISAGREES TO ANY WITHDRAWAL BEFORE ALL EXPENSES AND
DEBTS OF THE BUSINESS ARE PAID.
        BASED ON WITHDRAWALS FROM
THIS ACCOUNT (MISAPPROPRIATIONS)
OF AN ESTIMATED $100,000+ SINCE
6/18/2013 (IF BARRY WERE PROVIDED THE FEBRUARY

65                    SATISFACTION GROUND 8         123

GROUND 8 (CONT)

2015 TO PRESENT BANK STATEMENTS,
THE FULL AMOUNT OF ANY 7/28/2015 ORDER
AMOUNT OWED WOULD BE
OFFSET BY 50% OF THE
MISAPPROPRIATIONS WHICH EXCEED
$100,000 AND POSSIBLY AS HIGH AS $200,000.

THE COURT SET A PRECEDENT
FOR THIS TREATMENT BY
GIVING BARRY A CREDIT ON
THE 7/28/2015 ORDER FOR
1/2 OF THE $14,059 WITHDRAWN
FROM THE ACCOUNT FOR COLLEGE
AND 1/2 OF THE INCOME
DISTRIBUTION. DESPITE BARRY'S
OBJECTIONS, THE COURT GAVE
HIM THESE CREDITS TO THE
GRAVE DISADVANTAGE OF THE
MORTGAGE HOLDER, ASSESSMENT
HOLDER PLACING THE PROPERTY
IN A POSITION OF FORECLOSURE
AND NOT PROTECTING BARRY'S
50% INTEREST IN THE PROPERTY
AND THE REVENUES THEREFROM.
BARRY FINDS THE COURTS ACTIONS ILLEGAL,
UNETHICAL AND A VIOLATION OF CANONS,
FOR FAILURE TO PROTECT THIS PROPERTY AND
ALLOW THIS BEHAVIOR TO CONTINUE SINCE July 2013,
AND FAILING TO RECOGNIZE THE EFFECT OF THE COURTS SUA SPONTE ORDER.
SATISFACTION GROUND 8 (3)

66

124

U.S. CONSTITUTION

Amendment 4 SEARCH AND SEIZURE AND

Illinois Constitution Section 6.

① On June 18, 2013, THE TRIAL COURT
VIOLATED BARRY'S RIGHT TO BE SECURE
IN HIS PERSON, HOUSES, PAPERS AND
EFFECTS BY SEIZING THEM AND TURNING
100% CONTROL OF BARRY'S PERMANENT
RESIDENCE (AT KIAWAH ISLAND, 170
SURFSONG ROAD, KIAWAH ISLAND, SC.)
AND BARRY'S PERSONAL POSSESSIONS
AND EFFECTS TO TAMMY. THE ORDER OF
COURT PREVENTED BARRY FROM
REMOVING ANY OF HIS PROPERTY OR
PROPERTY OWNED BY HIS EMPLOYER
(BARRY'S AIR CARD USED TO CONNECT
TO THE INTERNET WHEN TRAVELING) AND
OWNED BY FRIENDS AND FAMILY (10-12
BIKES OWNED BY BARRY'S BROTHER RANDY
EHLERS THAT WERE TO BE USED IN A
BIKE RENTAL BUSINESS AT THE HOUSE
AND TOOLS [CHIPPER, ETC.], HOUSEHOLD
GOODS AND UTINSELS) AND $18,000 (APPROX) OF
PREPAID MORTGAGE PAYMENTS, WATER BILLS,
LANDSCAPING, CLEANING AND ELECTRIC BILLS, PAID
FROM PETITIONER'S SEPARATE FUNDS. IN EFFECT, $18000 MORE OF
SUPPORT TO TAMMY.
③ ON OCTOBER 7, 2010, THE TRIAL
COURT'S ORDER ALLOWING TAMMY

67

125

GROUND 9 (CONT).

TO LIST THE HOME BARRY WAS
STAYING IN FOR SALE EFFECTIVELY
SEIZED THAT HOUSE FROM BARRY
(LOCATED AT 1147 ASBURY, WINNETKA,
IL - 5 BLOCKS FROM 1446 ASBURY, THE
MARITAL RESIDENCE) NECESSITATING
BARRY RELOCATING HIS PERMANENT
RESIDENCE TO KIAWAH HOME IN
SOUTH CAROLINA.

(3) ON September 16, 2010, THE
COURT'S ORDER PREVENTED BARRY
FROM RETURNING TO 1446 ASBURY,
AS WELL AS GRANTING BARRY POSSESSION
OF 1147 ASBURY (FOR LESS THAN A
MONTH UNTIL THE 10/7/2010 ORDER).

(4) TAMMY ALSO OWNED A 2-FLAT
RESIDENTIAL HOUSE IN CRETE, IL.

(5) THE COURTS SEIZURE OF
BARRY'S HOMES AND PROPERTY
ALONG WITH APPROXIMATELY $18,000
OF PREPAYMENTS ON BARRY'S BILLS IN KIAWAH
PREVENTED AND VIOLATED BARRY'S
RIGHT TO BE SECURE IN HIS
HOUSES AND PROPERTY AND
SIGNIFICANTLY AFFECTED HIS
ABILITY TO MAINTAIN EARNING

68                                    126

GROUND 9 (CONT.)

(SALARY)

AN INCOME OF $175,000 TO $300,000 A YEAR AND CONTINUE PAYING THE EXCESSIVE AMOUNTS OF SUPPORT (60%), ~~AND~~ MORTGAGE PAYMENTS ($1,260 MO), UNCOVERED MEDICAL EXPENSES OF MINOR CHILDREN, INSURANCE FOR THE CHILDREN (100% PAYABLE BY BARRY) AND ~~INCOME TAXES,~~ $9,250 A YEAR FOR COLLEGE ALONG WITH $50,000 IN TAMMY'S ATTORNEY FEES AND TAMMY'S INCOME TAXES, LEADING TO BARRY'S ULTIMATE INCARCERATION AND DESTITUTE FINANCIAL SITUATION.

69

127

# GROUND 10

## SUPREMECY CLAUSE/
### EX POST FACTO LAW
U.S. CONSTITUTION ARTICLE VI

① IN ITS NOVEMBER 20, 2014 JUDGMENT FOR DISSOLUTION, THE COURT ORDERED, RETROACTIVELY, THAT BARRY COULD NOT DEDUCT ALIMONY / MAINTENANCE PAYMENTS TO TAMMY AND THEREFORE TAMMY DID NOT HAVE TO PICK THE ALIMONY UP IN INCOME. THIS ORDER IS CONTRARY TO THE INTERNAL REVENUE CODE AND THE REGULATIONS AND CASES THEREUNDER WHICH PROVIDE THAT ALIMONY IS DEDUCTIBLE BY THE PARTY PAYING IT, AND INCOME TO THE RECIPIENT AS LONG AS THERE IS NOT A CONTEMPORANEOUS ORDER TO THE CONTRARY AT THE TIME OF THE DEDUCTION. THERE IS NO ORDER IN THE TEMPORARY SUPPORT ORDERS GOING BACK TO 10/7/2010. (NOW A CLOSED TAX YEAR). THIS ORDER VIOLATES THE SUPREMECY CLAUSE AND EX POST FACTO LAWS.

SUPREMECY CLAUSE - GROUND 10

70

128

GROUND 10

(2) PORSCHE ESCROW - REVERSAL OF THE COURT'S
ORDER HOLDING BARRY'S
PROCEEDS IN ESCROW FOR HIS
BENEFIT IN JUDGMENT, IS AN
EX POST FACTO LAW WHICH THE COURT
IS ENFORCING. THE ORDER WAS NOT
APPEALED OR OBJECTED TO BY TAMMY
AND THEREFORE, WAIVED.

129

# GROUND II

## LACK OF IMPARTIALITY
## AND DILIGENCE
## BY JUDGE

U.S CONSTITUTION 6TH AND 14TH AMENDMENT
Illinois Section 1 AND 2,
Supreme Court Rule 63.

THE TRIAL JUDGE VIOLATED BARRY'S
Right TO A Trial BY AN IMPARTIAL
TRIER OF FACT AND LACKED Diligence
IN ENFORCING THE LAWS AND KNOWING
THEM, ABRIDGING AND VIOLATING BARRY'S
CONSTITUTIONAL RIGHTS ~~INCLUDED~~ INCLUDED
IN THE GROUNDS OF THIS PETITION
BY:
     ① FAILING TO BE FAITHFUL TO THE
LAW AND MAINTAIN PROFESSIONAL
COMPETENCE IN IT (eg. CALCULATION OF "INCOME" FOR CHILD support).
     ② FAILED TO Allow BARRY TO BE
HEARD AND FAILED TO MAKE REASONABLE
EFFORTS TO FACILITATE BARRY'S Ability
TO Self-Reprent AND BE Fairly Heard.
     ③ FAILED TO NOTIFY All PARTIES
OF EX PARTE COMMUNICATIONS
WITH MR. KLEIN AND MS. MITCHEL.
     ④ FAILED TO Dispose promptly
THE business OF THE COURT.

71                        130

GROUND 11 (CONT)

⑤ FAILED TO PERFORM DUTIES WITHOUT BIAS OR PREJUDICE BY FAILING TO PROVIDE NOTICE AND HEARING TO BARRY, DENYING BARRY OPPORTUNITIES TO RESPOND IN WRITING, WAS PARTIAL TO TAMMY AND TAMMY'S ATTORNEY(S), ISSUING A JUDGMENT AND PROPERTY RULING THAT ARE SO BIASED AND PARTIAL IN TAMMY'S FAVOR.

⑥ THE COURT MADE RULINGS THAT WERE NOT SUPPORTED BY EVIDENCE INCLUDING:

Ⓐ VOLVO - THERE IS NO TESTIMONY OR EVIDENCE TO SUPPORT THE FACT STATED THAT BARRY SOLD THE VOLVO.

Ⓑ NO TAX CONSEQUENCES. THERE IS NO EVIDENCE OR TESTIMONY TO SUPPORT THE COURTS CONCLUSION FINDING THAT THERE ARE NO TAX CONSEQUENCES TO THE COURT'S PROPERTY AWARDS. THIS FINDING IS CONTRARY TO THE COURT'S RESERVING THE TAX ISSUES AND CONSEQUENCES.

72                    IMPARTIAL GROUND 11                    131

GROUND 11 (CONT)

c) 2004 FORD EXPEDITION,
THERE IS NO STIPULATION
THAT THE PARTIES AGREED TO
TRANSFER BARRY'S 2004 FORD
EXPEDITION TO THE COUPLES SON
BARRY JR (AGE 26) WHERE BARRY
ALLOWED HIS SON TO USE THE CAR
BECAUSE BARRY COULD NOT AFFORD THE
GAS FOR THE 14 MPG CAR, HAD NO
PLACE TO PARK THE OVERSIZED SUV
AND IT WAS NOT A PRACTICLE CAR
FOR VISITING AND WINING AND
DINING CLIENTS. TAMMY TESTIFIED THAT
SHE TRANSFERRED TITLE TO BARRY.

d) TAX RETURNS. THE COURT
CRITISIZED BARRY FOR HIS TAX
RETURNS BUT THERE WAS NO
EXPERT TESTIMONY THAT HIS
TAX RETURNS WERE PREPARED
INCORRECTLY. BARRY HAS BEEN
A TAX EXPERT FOR 30
YEARS, YET THE COURT CRITISIZES
HIM.

e) "SALE" OF STONE WALLACE LLC OF ILLINOIS.
THE COURT CONCLUDES THAT BARRY
SOLD HIS SHARES IN STONE WALLACE LLC
OF ILLINOIS BECAUSE HE LISTED IT IN
THE SALE SECTION OF HIS 2010 TAX

73

IMPARTIAL      GROUND 11      132

GROUND II (CONT)

RETURN (SCHD). BARRY LISTED
THE SALES PRICE AS ZERO AND
WROTE OFF THE APPROXIMATE $30,000
REMAINING BASIS IN THE LLC. THAT
WAS INVOLUNTARILY DISSOLVED FOR
FAILURE TO PAY THE 2011 ANNUAL
REPORT FEES. NO EXPERT
TESTIFIED THAT THIS WAS AN
IMPROPER WAY TO WRITE OFF THE
BASIS.

f) KIAWAH INTEREST PAYMENTS IN
2011 AND 2012. THERE IS NO
EVIDENCE TO SUPPORT THE COURTS
ANALYSIS OF BARRY'S INCOME AND
EXPENSES, IN ITS JUDGMENT, FOR
2012. THE COURT STATES THAT
BARRY PAID OR DEDUCTED APPROXIMATELY
$112,000 OF INTEREST IN 2012 ON THE
KIAWAH MORTGAGE. BARRY NEVER
WAS ASKED IF HE PAID THIS AMOUNT
OF INTEREST, BUT DID TESTIFY THAT
HE DEDUCTED $97,000 (APPROX) OF
INTEREST IN 2011 BUT DID NOT
PAY IT. BARRY, SIMILARLY DID NOT
PAY $112,000 OF INTEREST IN 2012
(PAID APPROX $900,000 X 2% = 18,000)
THAT HE DEDUCTED.

74

133

# GROUND 11 (CONT)

THE COURT DOES NOT UNDERSTAND
WHAT HAPPENS TO INTEREST
ACCUMULATED WHILE A HOUSE IS
IN FORECLOSURE (IT ACCRUES AND
IS ADDED TO THE MORTGAGE). BY
MODIFYING THE LOAN IN JANUARY OF
2012, AFTER THE BANK FORECLOSED
IN DECEMBER OF 2011, THE BANK
ADDED THE INTEREST TO THE LOAN
IN 2012 AND ADDED THE CAPITALIZED
INTEREST TO THE 1099. THUS
NO PAYMENT OF INTEREST OCCURRED,
YET THE COURT ASSUMED THAT
BARRY HAD "OTHER INCOME" PERHAPS
FROM STONE WALLACE LLC OF TENNESSEE
THAT HE USED TO PAY THE INTEREST
IN 2011 AND 2012. IN 2011, THE
HOUSE WAS IN FORECLOSURE NO
PAYMENT COULD HAVE BEEN MADE.
BECAUSE THE FORECLOSURE WAS
APPROVED IN 2011, BARRY DEDUCTED
THE $97,000 (APPROX) INTEREST ACCRUED
UP TO 2012 AS BEING CAPITALIZED INTO
THE LOAN BALANCE (A TAX TRAP RELATED TO THE
PROPER YEAR OF THE DEDUCTION).

IMPARTIAL                                    134

75                              GROUND 11 (5)

## GROUND II (CONT)

FINALLY, TAMMY NEVER TESTIFIED THAT SHE DID NOT PAY THE INTEREST NOR HER FATHER, WHO GAVE HER $155,000 TO GET THE MARITAL RESIDENCE OUT OF FORECLOSURE THE FIRST TIME.

THE COURT ASSUMES ~~IN PLACE~~ FACTS THAT ARE NOT IN EVIDENCE AND JUST BECAUSE THERE IS A DEDUCTION ON A TAX RETURN, DOES NOT MEAN THERE WAS A CASH PAYMENT (OTHER EXAMPLES INCLUDE DEPRECIATION, GOODWILL, AMORTIZATION, OID, ETC.). THE COURT WAS NOT IMPARTIAL IN ASSUMING BARRY PAID THE INTEREST OR WITHOUT EVIDENCE FROM THE MORTGAGE HOLDER THAT BARRY PAID IT, WHICH EVIDENCE OF PAYMENT DOES NOT EXIST BECAUSE IT WAS CAPITALIZED INTEREST.

(7) INCARCERATION PREVENTS BARRY FROM PURSUING HIS APPEALS OF JUDGE REYNOLD'S JUDGMENTS AND ORDERS AND THE MANY PROCEEDINGS

# GROUND II

IN THE TRIAL COURT CASE, ~~ORDERS, ETC~~ CREATING A CONFLICT OF INTEREST FOR THE JUDGE AND ANOTHER ADVOCATE AGAINST BARRY.

(8) USE OF LOCAL RULE 2.3.

THE JUDGE WAS NOT IMPARTIAL WHEN IT SET OCTOBER 31, 2014 TO (HALLOWEEN) DELIVER ITS JUDGMENT BUT THEN REALIZED THAT BARRY HAD FILED A MOTION FOR MODIFICATION OF SUPPORT AND A PETITION FOR RULE TO SHOW CAUSE RELATED TO TAMMY'S MISAPPROPRIATION OF KIAWAH RENTAL INCOME (FILED ON 8/13/14 AND ~~8/15/14~~). RATHER THAN DEAL WITH THE MERITS OF THESE FILINGS AND THE JUDGE'S OWN SUA SPONTE — TO TAMMY DECISION TO GRANT CONTROL OF KIAWAH ON 6/18/13, THE COURT DEFERRED ITS DECISION BY 21 DAYS SO THAT IT COULD USE THE 90 DAY period ~~UNDER~~ LOCAL RULE 2.3 TO DISMISS THESE FILINGS, TRICKING BARRY.

ADDITIONALLY, ON 8/15/14 AND 10/29/14, BARRY SENT COMPLIMENTARY COPIES OF THE FILINGS TO THE

# GROUND II

Judge AND MS. MITCHELL, GIVING THEM ACTUAL NOTICE THAT BARRY INTENDED TO PRESENT THE FILINGS ON 10/31/14. PER THE TRANSCRIPT, THE COURT REFUSED TO RECOGNIZE BARRY AT THE PROCEEDING AS AN ATTORNEY AND THUS PREVENTED BARRY FROM PRESENTING THE FILINGS OR MAKING A RECORD, SHOWING THE COURT'S BIAS AND PARTIALITY TO TAMMY. SEE (13) ALSO FOR RELATED ISSUE.

(9) ON BARRY'S PETITION FOR RULE TO SHOW CAUSE RELATED TO ENFORCING THE JUDGES ORDER TO PROVIDE KIAWAH BANK STATEMENTS (FILED IN FEBRUARY OF 2015) WITHIN 7 DAYS, WHICH MS. MITCHEL HAD IN COURT THAT DAY, THE COURT GRANTED MS. MITCHEL 28 DAYS TO RESPOND. AN UNREASONABLE AMOUNT OF TIME FOR A 7 DAY ORDER FOR INFORMATION MS. MITCHEL SAID SHE HAD IN COURT ON THE TRANSCRIPT.

(10) ON MATTERS RELATED TO THE

# GROUND 11

INITIAL APPEAL FILED ON 1/26/15,
THE COURT GRANTED MS. MITCHEL
28 DAYS TO RESPOND TO
BARRYS REQUEST TO STAY.
MS. MITCHEL DID NOT RESPOND
IN WRITING AND THE COURT
SUMMARILY ~~Dismissed~~ DENIED
THE STAY, TAKING MOST OF 45 DAY
~~TIME~~ TIME TO OBTAIN THE STAY
AND BOND, THE COURT ALSO
FAILED TO SET A BOND AMOUNT
DENYING BARRY'S POOR PERSON
REQUEST FOR NO BOND.
   (10) THERE ARE OTHER INSTANCES
WHERE THE COURT PREJUDICED
BARRY ON TIMING OF RESPONSES
AND WAS PARTIAL TO TAMMY
   (12) THE COURT CONTINUALLY ANTAGONIZED
BARRY BY NOT RECOGNIZING BARRY
AS AN ATTORNEY AND STATING SOMETHING
LIKE 'HERE COMES MR EHLERS ATTORNEY'
AFTER BARRY INTRODUCED HIMSELF
AN AN ATTORNEY.

IMPARTIALITY          GROUND 11

GROUND II

(13) IN ADDITION TO (8) ABOVE, PETITIONER
WAS THE ONLY PARTY IN COURT ON
10/3/2014 (per TRANSCRIPT) AS HE
WAS NOTIFIED OF THE DATE BY POSTCARD
(10/7/2014) INITIATED BY Judge REYNOLD'S TO ISSUE
HER DECISION. THE DATE WAS STRICKEN
BY THE COURT, MS. MITCHEL, WHO
WOULD HAVE ALSO RECEIVED A POSTCARD,
WAS NOT IN COURT - MEANING THAT
Judge REYNOLD'S AND MS. MITCHEL
HAD AN EX PARTE COMMUNICATION
SO THAT MS. MITCHEL DID NOT ATTEND.
MR. GOLDSTEIN, AND MR. KLEIN
WOULD NOT HAVE RECEIVED A POSTCARD
BECAUSE NEITHER ATTORNEY HAD AN
APPEARANCE ON FILE. UNDER RULE 63,
Judge REYNOLD'S IS REQUIRED TO DISCLOSE
THE EX PARTE COMMUNICATION TO PETITIONER,
BUT DID NOT DO THAT (SEE TRANSCRIPT).
BY DEFERRING THE COURT'S JUDGMENT TO
11/20/2014, NOW 5 DAYS PAST THE 90 DAY
REQUIREMENT OF LOCAL RULE 2.3, THE
COURT CREATES FACTS SO IT DOES NOT
HAVE TO DEAL WITH PETITIONER'S UNEMPLOYMENT
IN ITS JUDGMENT OR THE ISSUES IN
THESE PLEADINGS, BY DISMISSING BARRY'S
PLEADINGS DESPITE LETTER TRANSMITTING THE PLEADINGS ON 8/15/2014
AND 10/29/2014.      GROUND II      (10)

139

GROUND

(13) CONTINUED

UNDER EX PARTE COMMUNICATIONS,
CIRCUIT COURT OF COOK COUNTY
RULE 17.1,

"NO JUDGE SHALL PERMIT AND NO
LAWYER SHALL ENGAGE IN EX PARTE
COMMUNICATIONS, UNLESS ALLOWED
BY LAW, IN CONNECTION WITH ANY
MATTER PENDING BEFORE SAID JUDGE"

RULE 17.2.

(a) IF AN EX PARTE COMMUNICATION IN
CONNECTION WITH ANY MATTER PENDING
BEFORE THE JUDGE OCCURS, THE JUDGE
SHALL DISCLOSE THE CIRCUMSTANCES AND
SUBSTANCE OF SAID COMMUNICATION TO
ALL PARTIES OF RECORD AT THE NEXT
HEARING IN OPEN COURT AND, IF A
COURT REPORTER IS AVAILABLE, ON
THE RECORD.

(b) IF A HEARING IS NOT SCHEDULED
WITHIN TWO FULL COURT DAYS OF
SAID COMMUNICATION, THE LAWYER WHO
HAS INITIATED SAID COMMUNICATION
SHALL properly SERVE A WRITTEN SUMMARY
OF THE CONTENTS OF SAID COMMUNICATION
ON ALL PARTIES OF RECORD AND THE JUDGE.
IMPARTIALITY EX PARTE COMMUNICATIONS
CONTINUED (13)

140

GROUND II

## RULE 17.4   CONSENT

"...., IN CIVIL CASES WITH THE EXPRESS CONSENT OF All PARTIES OF RECORD, A JUDGE MAY COMMUNICATE WITH FEWER THAN All PARTICIPANTS TO PROMOTE SETTLEMENT, FOR THE PURPOSE OF SCHEDULING OR FOR ANY OTHER SIMILAR PURPOSES.

NO CONSENT WAS PROVIDED BY BARRY FOR ANY EX PARTE COMMUNICATIONS. NOR DID JUDGE REYNOLD'S ABIDE BY S.CT. RULE 63 (a)(5)(ii) AND immediately ADVICE petitioner OF THE SUBSTANCE OF THE EXPARTE COMMUNICATIONS.

THE JUDGE Also ON 5/6/2013, ON THE TRANSCRIPT REPRESENTED THAT MR. KLEIN, A TRIAL ATTORNEY ADDED BY TAMMY, HAD FILED AN APPEARANCE WHEN NONE HAD BEEN FILED — NOR SERVICE MADE TO PETITIONER. THE TRIAL JUDGE, HAVING THE FILE ON HER DESK, DID NOT CHECK THE COURT FILE, AND INSTEAD REPRESENTED THE APPEARANCE WAS FILED. THE JUDGE DID NOT ADDRESS THE LACK OF NOTICE AND SERVICE TO PETITIONER. THIS SHOWS THE JUDGES PARTIALITY; VIOLATION OF RULE 63 (IMPARTIAL AND Diligent); VIOLATED LOCAL RULES 1.2, d.4 (APPEARANCE); S.CT. RULE 13 (a) AND (c)(i) (APPEARANCES) AND COMMITTED GROUND II — EXPARTE COMMUNICATIONS

141

GROUND 11

OFFICIAL MISCONDUCT UNDER 720 ILCS 5/33-3 (OFFICIAL MISCONDUCT), A CLASS 3 FELONY AND SUBJECT TO FORFEITURE OF EMPLOYMENT.

THE TRIAL JUDGE, JEANNIE REYNOLD'S, STATES FACTS NOT SUPPORTED BY THE RECORD, AS HEREIN IDENTIFIED. THE COURT STATES THAT A HEARING ON THE TWO ATTORNEY FEE PETITIONS WAS HELD WHEN NONE WAS HELD (DURING THE TRIAL NOR AFTER THE 5/16/14 HEARING WAS STRICKEN). VIOLATING PETITIONER'S RIGHT TO IMPARTIALITY AND DUE PROCESS. MOREOVER, EXHIBIT B WHICH INCLUDED MR. KLEIN'S ATTORNEY BILLS ATTACHED TO THE 2014 FEE PETITION WAS MISSING FROM THE RECORD. THE DOCUMENT WAS E-FILED IN A FILE THAT INCLUDED ADDITIONAL EXHIBITS AND SERVED BY EMAIL TO PETITIONER. THE SIGNIFICANCE IS THAT MR. KLEIN'S BILLING STATEMENTS REFER TO 2000 PAGES OF DISCOVERY IN A DIGITAL FILE THAT WERE NEVER PROVIDED PURSUANT TO PETITIONER'S BROAD DISCOVERY REQUEST (ALONG WITH THE CAR TITLES TO THE PORSCHE AND VOLVO — NEVER PROVIDED).

142

GROUND 11 (13)

GROUND II

PETITIONER ALSO CONTENDS THAT
ADDITIONAL EX PARTE COMMUNICATIONS
OCCURRED BETWEEN THE JUDGE, JEANNIE
REYNOLD'S, MS. MITCHEL AND MR. KLEIN
REGARDING THE CASE SINCE MS. MITCHEL
AND PERHAPS, MR. KLEIN, WERE BEFORE
JUDGE REYNOLD'S ON A REGULAR BASIS.
THERE IS AN OCCURRENCE ON THE RECORD
WHERE MR. KLIEN STATED ON THE
RECORD, ~~THAT~~ TO JUDGE REYNOLDS,
THAT THAT WAS THE DINNER ON TUESDAY
NIGHT I TOLD YOU ABOUT. AND THE
JUDGE RESPONDED, OH, I REMEMBER
THAT (SEE TRANSCRIPTS 5/6/2013 TO
5/8/2013 - BELIEVE IT WAS ON 5/6/2013).

143

GROUND II

GROUND 11

THE JUDGE ALSO, UNDER RULE 63,
FAILED TO MAINTAIN PROFESSIONAL COMPETENCE
IN THE LAW AND BE FAITHFUL TO IT BY,
AMONG OTHER ITEMS HEREIN:

(A) NOT ALLOWING STATUTORY DEDUCTIONS
TO INCOME AND OTHER AMOUNTS ORDERED
BY THE COURT (ON THE FACE OF ITS ORDERS)
AS DEDUCTIONS TO DETERMINE NET INCOME
FOR CHILD SUPPORT PURPOSES.

(B) INCARCERATING PETITIONER WITH
NO EVIDENCE THAT HE HAS AN ABILITY TO
PAY AFTER STRIPPING HIM OF ALL ASSETS
AND SUBSTANTIALLY ALL INCOME HE HAS
MADE IN THE LAST 5 YEARS.

144

# GROUND 12

U.S. CONST-7th AMEND - <u>RIGHT TO TRIAL BY</u> ILB13
        Jury

1. THE TRIAL, BY JUDGE, BY STATUTE,
IS A VIOLATION OF THE 7TH AMENDMENT
RIGHT TO TRIAL BY JURY, AND THE
13TH SECTION OF THE ILLINOIS
CONSTITUTION

TRIAL BY JURY                    145

# GROUND 13

## FREEDOM OF RELIGION  U.S. AMEND 1

1) THE COURT VIOLATES BARRY'S FREEDOM OF RELIGION BY USING THE FACT THAT BARRY STAYS AT TIMES WITH A FEMALE MEMBER OF HIS CHURCH, LOCATED IN KNOXVILLE, TENNESSEE, WHEN HE ATTENDS THE CHURCH THAT HE IS A MEMBER (PARTNER) OF. THE COURT FAILS TO USE ~~FACTS~~ FACTS RELATED TO THE MORE THAN 10 WOMEN AND SEXUAL RELATIONSHIPS BARRY HAD DURING THE COURSE OF THESE PROCEEDINGS WHICH THE FEMALE IN KNOXVILLE, TN, WHOM IS CELEBIT, IS FULLY AWARE. THERE ARE NO FACTS IN THE RECORD THAT BARRY WAS EVER IN AN EXCLUSIVE SEXUAL RELATIONSHIP WITH ANY WOMEN.

2) THE COURT'S STRIPPING OF ALL BARRY'S ASSETS, INCOME, CARS ~~_____~~ PUTS A CHILLING AFFECT ON BARRY'S ABILITY TO ATTEND HIS CHURCH AND EXERCISE HIS FREEDOM OF RELIGION.

# GROUND 14

## LIFE / HAPPINESS

IL CONST. §1, U.S. CONSTITUTION 5TH AND 14TL

(1) DENIED/FAILED TO GRANT
VISITATION TO MY CHILDREN
WHICH ARE MY LIFE AND HAPPINESS,
RESULTING IN NOT SEEING/HAVING
VISITATION WITH MY CHILDREN
SINCE JUNE OF 2010, ESPECIALLY
WITH PARENTAL ALIENATION
BY THE CHILDREN'S MOTHER.

(2) THE COURT'S STRIPPING BARRY
OF ALL HOMES, PROPERTY, CARS AND
INCOME AND TAKING AWAY HIS
SECURITY IN THAT, TAKES AWAY
BARRYS RIGHT TO HAPPINESS AND
HIS RIGHT TO BE SECURE.

(3) IN TOTALITY, THE TRIAL JUDGES
DECISIONS HAVE STRIPPED PETITIONER
OF ANY OPPORTUNITY OF LIFE/HAPPINESS
AND TO START "ANEW" AFTER THE
DIVORCE.

82

147

# GROUNDS 15

## CAUSES FOR DISCHARGE UNDER 735 ILCS 5/10-124

BESIDES THE OTHER GROUNDS HEREIN,

(1) UNDER §10-124 (1), THE COURT LACKED JURISDICTION BECAUSE

(A) THE JUDGMENT BEING ENFORCED IS BEING APPEALED IN CASE NOS. 1-15-0293. AND 1-15-2449.

(B) THE COURT DID NOT HAVE JURISDICTION OVER THE MATTER BECAUSE THE OCTOBER 26, 2015 ORDERS DENYING THE SOJ FOR CAUSE AND RETURNING THE CASE TO JUDGE REYNOLDS WERE NOT FINAL ORDERS, BARRY, IN FACT, FILED A NOTICE OF APPEAL ON 11/16/2015 AND ALSO A PETITION FOR LEAVE TO TRANSFER CASE BACK TO THE SOJ JUDGE (JUDGE MURPHY), WHICH WAS ERRONEOUSLY NOT ACTED UPON, FOR RECONSIDERATION OR STAY.

(C) THE SUM OF THE ORDER AND PURGE WAS NOT CORRECT DUE TO FAILURE TO ALLOW CREDITS AND PROPERLY SUPPORTED BY ANY EVIDENCE.

83

148

GROUNDS 15 §10-124

## GROUND 15 (CONT).

(2) UNDER § 10-124 2, PETITIONER
LACKS THE ABILITY TO PAY
UNDER § 10-137. MOREOVER
THE JUDGMENT IS VOID BASED
ON CONSTITUTIONAL GROUNDS
AS STATED IN THE GROUNDS
INCLUDED HEREIN. SEE ALSO (PP. 22-25)
FINANCIAL AFFIDAVIT ATTACHED (PP. 26-31)
AND THE 8/27/2015 13.3 FILED (PP. 173-177)
IN THE TRIAL COURT CASE
2010 D 230327. (PP. 265-281).

(3) UNDER § 10-124 -3, THE PROCESS
LEADING UP TO THE 11/20/2014
JUDGMENT FOR DISSOLUTION AND
THE 7/28/2015 ORDER TO PAY
$ 43,600 (APPROX) AND THE
JURISDICTION OVER THE MATTER
AS A RESULT OF INCARCERATING
BARRY WITHIN 30 DAYS OF
THE DENIAL OF THE SOJ FOR
CAUSE (THE STANDARD OF
WHICH CAN NOT BE MET), NOT
ALLOWING FOR RECONSIDERATION,
STAY OR APPEAL WAS DEFECTIVE,
AND AS STATED IN THE GROUNDS HEREIN.

84          § 10-124          GROUND 15          149 (2)

## GROUND 15 (CONT)

(4) UNDER §10-124-4, See 3 above As the Matter WAS Not properly Before Judge Reynolds Due to A pending motion For Reconsideration STAY AND Appeal of THE SOJ order AND THE SOJ orders WERE NOT FINAl orders.

(5) UNDer § 10-124-5, see (3) AND (4) above

(6) UNDer § 10-124-6, see (3) AND (4) above.

(7) UNDer §10-124-7, THe Judgments Are ON Appeal AND Are NOT A FINAl JudgmenT or Order. see (3) AND (4) above.

# GROUNDS 16

## OTHER GROUNDS

BARRY INCORPORATES, BY REFERENCE, THOSE GROUNDS HE INCLUDED IN THE FOLLOWING PLEADINGS AND FILINGS:

① PETITION FOR SUBSTITUTION OF JUDGE FOR CAUSE FILED ON OR ABOUT AUGUST 29, 2015.

② FIRST CLOSING ARGUMENT FILED WITH ① ABOVE ON OR ABOUT AUGUST 29, 2015.

③ APPELLANT BRIEF FILED IN APPEAL # 1-15-0293 (AND REPLY [Filed in Appeal] BRIEF) FILED WITH ① ABOVE [on or about 11/2/2015]

④ APPELLANT BRIEF FILED IN APPEAL # 1-15-1942 (AND UNKNOWN IF FILED IN ① ABOVE ON OR ABOUT AUGUST 29, 2015).

⑤ APPELLANT BRIEF FILED IN APPEAL # 1-15-1336 (DENIAL OF TRO AFFIRMED - BUT NO HEARING HELD ON THE TRO).

OTHER GROUNDS - 16

GROUNDS 17

8TH AMENDMENT - US CONSTITUTION
EXCESSIVE FINES IMPOSED, CRUEL AND
UNUSUAL PUNISHMENT INFLICTED, BAIL

① THE COURTS JUDGMENTS,
ORDERS, RULINGS AND
proceedings were so prejudicial
TO BARRY AND STRIPPED
HIM OF HIS HOMES, Property,
CHILDREN, CARS, INCOME
AND Liberty THAT IT IS
cruel AN unusial punishment
INFLICTED ON BARRY so THAT
TAMMY could MAINTAIN Her
WINNETKA "upscale lifestyle."
THIS Rises To A level OF
excessive Fines imposed
ON BARRY. THE COURT HAS
gone WAY BEYOND ITS
DISCRETION AND ignored THE
LAWS.

GROUND 17
CRUel AND UNUSUAl PUNISHMENT

# GROUND 18

## INVOLUNTARY SERVITUDE/SLAVERY

### 13TH AMENDMENT

"1. Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the united states,..."

(A) THE JUDGE'S, JEANNIE REYNOLDS, INCARCERATION OF THE PETITIONER AMOUNTS TO INVOLUNTARY SERVITUDE AND SLAVERY BECAUSE PETITIONER HAS NOT BEEN CONVICTED OF ANY CRIME, ESPECIALLY WITH NO TERM IMPOSED AND NO ABILITY TO PAY THE PURGE OR EARN INCOME TO SUPPORT HIS FAMILY AND RETAIN HIS PROPERTY.

(B) ALSO, IMPUTING INCOME TO BARRY, PETITIONER OF $75,000 PER YEAR, A $2000 MINIMUM CHILD SUPPORT AND 20% OF EARNED INCOME AMOUNTS TO INVOLUNTARY SERVITUDE SINCE OVER 100% OF BARRY'S INCOME IS REQUIRED TO BE PAID TO HIS EX-WIFE. THE PAYMENTS ORDERED BY THE JUDGE AMOUNT TO INVOLUNTARY SERVITUDE, 153

GROUND __18__

13TH AMENDMENT (CONT).

ESPECIALLY WHERE THE JUDGE FAILS TO
REQUIRE PETITIONER'S EX-WIFE TO
SEEK AND OBTAIN EMPLOYMENT AND
AWARDS PERMANENT MAINTENANCE
WHEN SHE IS COHABITATING WITH
JEFF GRAHAM AND SHE AND HER
ATTORNEY, MS. MITCHEL, HAVE CONCEALED
THE FACT, AND HAVE FRAUDULENTLY
CONCEALED IT, FROM THE COURT.

GROUND <u>19</u>

<u>SEPARATION OF POWERS</u>

○ Judge Reynold's ACTIONS AS DETAILED IN THIS PETITION ARE AN IMPERMISSIBLE Exercise by THE JUDICIAL BRANCH OF POWERS BELONGING TO THE LEGISLATIVE BRANCH AND IN DIRECT CONTRAVENTION OF THE Applicable STATUTORY MANDATES. U.S. CONSTITUTION (COMPARE ARTICLE 1, 2 & 3 & 14TH Amendment)° Illinois CONSTITUTION, ART II, SEC.1 ° Illinois REV STAT 1981, CH 14, PAR 5.

A TRIAL Judge CANNOT, CONSISTENT WITH THE CONSTITUTIONAL principle OF Separation of POWERS, ASSUME THE RoLE oF A PARTY OR ADVOCATE, NOT THE LEGISLATURE, AND Exceed THE Applicable STATUTORY AND CONSTITUTIONAL MANDATES AND THE COURT HAD NO AUTHORITY TO ~~DIRECT THAT THE INFORMATION~~ <u>ISSUE ORDERS, RULINGS AND</u> Judgments HEREIN complained OF. <u>People v. COVELLI</u>, 415 Ill. 79 (1953); <u>People v. Deens</u>, 81 Ill. 2d 384 (1980); <u>People v. Pankey</u>, 94 Ill 2d 12 (1983).

AS A RESULT, THE TRIAL Judges, ORDERS SHOULD Be expunged AND SHE Be MADE TO Follow THE STATUTORY PROVISIONS. <u>People v. Rosin</u>, 75 Ill. 2d 151 (1979); <u>People v. Cousins</u>, 77 Ill 2d 531 (1979)

①

GROUND  19

IN THIS CASE, THE TRIAL JUDGE
EXCEEDED HER POWERS BY:

①  ORDERING PAYMENTS FROM BARRY
INCOME OF 60% FAR IN EXCESS OF
THE 30% AMOUNT FOR MAINTENANCE
ALLOWED BY STATUTE PLUS THE 20%
CHILD SUPPORT GUIDELINE AMOUNT (Applicable
AFTER JUNE 7, 2013 WHEN THERE WAS ONLY
1 CHILD UNDER 18) OR THE 28% CHILD
SUPPORT GUIDELINE AMOUNT (Applicable
BEFORE JUNE 7, 2013 WHEN THERE WERE
TWO CHILDREN UNDER 18).

②  THE FAILURE OF THE COURT TO
REDUCE "INCOME" UNDER THE GUIDELINE
CHILD SUPPORT STATUTE FOR AMOUNTS PAID
BY BARRY FOR THE BENEFIT OF TAMMY AND
THE CHILDREN INCLUDING, BUT NOT LIMITED TO:

i)  INCOME TAX PAYMENTS OF $24,200
ii)  MORTGAGE PAYMENTS ON TAMMY AND
THE CHILDREN'S HOME OF $2,600 (FIRST MORTGAGE)
AND $1,260 (HOME EQUITY LINE OF CREDIT - HELOC)
PER MONTH.

iii)  MORTGAGE PAYMENTS AND EXPENSES
TO MAINTAIN BARRY'S HOME WHICH THE COURT ALLOWED
TAMMY AND THE CHILDREN TO USE AT WILL FOR
VACATIONS (THE KIAWAH RESIDENCE) AND WHICH TAMMY
MOVED THE COUPLES ELDEST SON INTO FROM 8/1/2011 TO

② SEPARATION OF POWERS                    156

GROUND 19

7/1/2012 TO INTERUPT BARRY'S EXCLUSIVE USE. THE COURT REFUSED TO ALLOW BARRY TO STAY IN HER HOUSE WHEN NOT IN USE.

iv) BUSINESS EXPENSES TO PRODUCE THE INCOME USED TO PAY FOR FAMILY EXPENSES INCLUDING $117,000 (Approx.) OF BUSINESS CREDIT CARD DEBT PAID OR BEING PAID BY BARRY THROUGHOUT THESE proceedings, AS WELL AS KIAWAH EXPENSES IN EXCESS OF REVENUES FROM October 7, 2010 (ORDER OF SUPPORT-TEMPORARY) TO PRESENT.

v) OTHER BUSINESS EXPENSES IN BARRY'S ATTEMPTS TO GENERATE MORE INCOME (MONA VIE) AND EXPENSES OF WINDING DOWN OTHER businesses.

vi) ALLOWANCE PAID TO THE couple's OLDEST CHILD WHICH THE COURT ORDERED PETITIONER TO PAY TO THE 26 YEAR OLD.

vi) BARRY PREPARED A MEMORANDUM IN SUPPORT OF THESE AMOUNTS AND FILED IT ON OR ABOUT JUNE 17, 2015 AND REQUESTED LEAVE TO FILE A REVISED MEMORANDUM IN SUPPORT AT THE HEARINGS HELD UP TO THE 7/28/2016 ORDER OF SUPPORT, BUT THE COURT REFUSED AND DENIED BARRY LEAVE TO FILE HIS OTHER GROUNDS.

SEPARATION OF POWERS

GROUND 19

~~Petition to include Barry's Exclusion~~

③ VIOLATING BARRY'S CONSTITUTIONAL RIGHTS AS HEREIN STATED THROUGHOUT AND MAKING UP THE ORDERS AND JUDGEMENTS WITHOUT REGARD TO ANY LAWS AND PROCEDURES, TOO NUMEROUS TO RELIST HERE, BUT CONTAINED IN THIS PETITION.

SEPARATION OF POWERS                    158.

GROUND __20__

## DOUBLE JEOPARDY

① UNDER ILLINOIS STATE LAW AND Regulations, THE Illinois STATE DISBURSEMENT (ISBU) UNIT HAS AMONG OTHER THINGS

   ① PUT A lien / sent A NOTICE TO ANY Employers, ⌐STATING THAT ANy AMOUNT OF PAY UP TO $9,000 (TO BEST OF Recollection) WAS Required TO Be PAID OVER TO ISBU.

   ② PUT A lien ON FEDERAL AND STATE INCOME TAX REFUNDS.

   ③ PUT A lien ON All Petitioner's BANK ACCOUNTS IN EXCESS OF $200 OR $300 (PETITIONER ONLY HAS 1 BANK ACCOUNT).

   ④ ON INFORMATION AND Belief, PUT A HOLD ON PETITIONER'S Right TO Freedom AND Liberty By Putting A HOLD ON PETITIONER'S PASSPORT

   ⑤ UNKNOWN OTHER ACTIONS ALGAINST PETITIONER.

② THE TRIAL COURT, JUDGE REYNOLD'S, STRIPPED

---

Double Jeopardy                    159

GROUND 20

BARRY OF EVERYTHING:

① NO VISITATION — NO RIGHTS TO VISITATION OF HIS CHILDREN IN THE "AGREED ORDER" OBTAINED BY MS. MITCHEL, TAMMY'S ATTORNEY, THROUGH FRAUD AND MISREPRESENTATION TO THE COURT ON NOVEMBER 7, 2012 (COURT ORDER ENTERED EX-PARTE)

② NO HOME. OF THE 4 RESIDENTIAL PROPERTIES THE COUPLE HAD, THE COURT SYSTEMATICALLY REMOVED BARRY FROM 3 OF THE 4 RESIDENCES AND IN ITS JUDGMENT, GAVE OWNERSHIP OR CONTROL TO EACH TO TAMMY

③ NO CAR. OF THE 3 REMAINING CARS, THE JUDGE AWARDED 2 CARS TO TAMMY AND 1 CAR TO THE COUPLES 26 YEAR OLD SON.

④ NO BED. OF THE 14 BEDS OWNED BY THE COUPLE, ALL 14 WERE GIVEN TO TAMMY BY OWNERSHIP OR CONTROL.

⑤ NO SILVERWARE. OF THE OVER 100 PLACE SETTINGS OF SILVER OR SILVERWARE, THE COURT GAVE OWNERSHIP AND CONTROL TO ALL OF THEM TO TAMMY.

⑥ NO PERSONAL PROPERTY. OF THE 28 YEARS OF PERSONAL PROPERTY ACCUMULATED BY THE

Double Jeopardy                    160